Brown v. Johnson.

---

## REUBEN M. BROWN v. DAVID JOHNSON.

1. CONTINUANCE; *Application Should Show Testimony.* An application for a continuance on the ground of the absence of testimony must show what the absent testimony is, that the opposite party may, if he desire, prevent a continuance by consenting to the admission of such testimony.

2. DEMURRER TO EVIDENCE; *Practice; Record.* This court cannot affirm that there was error in a ruling of the district court sustaining a demurrer to the evidence, unless all the evidence upon which that court acted is before us, or unless it is apparent from the portion presented not only that it tends to prove the plaintiff's claim, but also that it could not be conclusively overthrown by any other testimony.

3. CASE MADE; *What it Imports.* The signature of the judge to a case made, or a bill of exceptions, imports the truthfulness of the preceding statements in such case or bill, nothing more; and we must look to those statements to see whether all of the testimony is preserved or not.

### *Error from Wilson District Court.*

BROWN as plaintiff brought his action to establish a trust, and to compel a conveyance to himself of the trust property. The land in controversy was the E.$\frac{1}{2}$ of the S.W. $\frac{1}{4}$ of section 15, township 29 south, range 14 east, and a part of the Osage Trust Lands, so-called. *Brown* alleged that he was in the occupancy of and had improvements upon said tract at and before the time when said Osage Trust Lands were open for settlement and purchase, and ever since, claiming the right

25—14 KAS.

to purchase the same; that defendant *Johnson* was occupying the west-half of said quarter-section, but never improved or occupied said east-half, or any part thereof; but in the year 1869 said *Johnson*, by fraud and deceit, and by means of false, fraudulent and corrupt representations and testimony before the officers of the Land-Office at Humboldt made entry and purchase in his own name of said east-half of said section. Plaintiff further shows his efforts to procure a reversal of said decision and an entry in his own name, and a tender of and readiness and willingness to pay the proper entrance-money for the eighty acres occupied and claimed by him, and he prays that *Johnson* be adjudged to hold the title to said tract in trust, and decreed to convey the same to plaintiff. Answer, a general denial. The action was tried at the May Term 1873 of the district court. A demurrer to plaintiff's evidence was sustained, and judgment was given for the defendant. *Brown* appeals, and brings the case here on error. Other questions are stated in the opinion.

*Chas. Sweeney*, and *J. L. Russell*, for plaintiff.

*Hudson & Chase*, for defendant.

The opinion of the court was delivered by

BREWER, J.: Two errors are alleged in this case, first in overruling a motion for a continuance, and second, in sustaining a demurrer to the evidence. The motion for a continuance was supported by a single affidavit of one of plaintiff's attorneys. Several objections may be noticed to the sufficiency of this affidavit. It alleges failure to obtain a copy of certain testimony given on a hearing of a contested claim before the officers of a land office, that the proper custodian had made diligent search and was unable to find such testimony, and that it must have been stolen or removed from his possession without his knowledge, that there had not been time enough to procure a copy of the duplicate of this testimony from the General Land-Office at Washington. But it fails to disclose what that testimony was. The court could not therefore see

that it was material, nor was there anything for the opposite party to admit, as provided in § 317 of the code. The theory of our law of continuance is, that if one is sought upon the ground of absent testimony, the opposing party may defeat the application therefor by consenting that such absent testimony may be considered in evidence. It is essential therefore, that the testimony be disclosed as a basis for this consent. It may also be stated that the affidavit alleged, upon information, that a copy of this testimony was in possession of defendant's attorney, and that they had been served with a subpœna *duces tecum* to produce it. The court properly overruled the motion for a continuance.

In reference to the other question, the record discloses these facts: The action was brought by one who had unsuccessfully contested before the department the right to enter a certain tract, against the successful contestant and holder of the title from the government, and the plaintiff contends that notwithstanding the decision of the department the matter is still open for judicial inquiry, and that upon the facts as disclosed by the plaintiff's evidence clear and prior equity to this land was shown in him, and that it was error then to withdraw the case from the jury. The first claim of the plaintiff is undoubtedly good. For whatever doubts may have heretofore existed thereon, they have been put at rest by the decision of the supreme court of the United States in the case of *Johnson v. Towsley*, 13 Wall., 72, where it is held that "if it appears that the party claiming has established his right to the land to the satisfaction of the land department in the true construction of the acts of congress, but that by an erroneous construction the patent has been issued to another, the court will correct the mistake." This was as far as it was necessary for the court to go in that case, but it unquestionably fails to state the full limits of judicial inquiry. They extend to the full bounds of equity jurisdiction. But the other part of the plaintiff's claim cannot be sustained, for this reason — it does not appear that we have all the testimony before us upon which the district court acted. The only au-

thentication of the evidence is, that it is signed by the plaintiff's attorneys without any preceding statement whatever, and that then follow these words:

"The above record of evidence is substantially correct as far as given, but is incomplete in several instances, and does not give all the evidence in the case.

HUDSON & CHASE, *Defendant's Attorneys.*

"Signed, settled and allowed as and for a case made, this 12th day of August 1873.     JOHN R. GOODIN, *Judge.*"

Now whatever other questions may be raised upon such a record, whenever we are asked to reverse the decision of the district court upon the weight and effect of evidence we must have all the evidence upon which that court based its decision, or if only a part is presented it must be of such a character as under no circumstances can be overthrown by other evidence—something which is, of itself, and despite of all antagonistic facts, conclusive. We cannot say that a district court erred unless we know upon what it ruled. Though a mass of testimony may be presented, *non constat*, but that the pivotal fact upon which the decision turned, a fact conclusive in support of the finding, is omitted. The same principle controls, though perhaps applied in a different manner, whether a ruling upon a demurrer to the plaintiff's evidence, or a finding of fact based upon the testimony of both parties, is challenged. All the presumptions, in the absence of a complete record, are in favor of the ruling already made. This is familiar law, and needs no citation of authorities to support it. Such is this case. We are not advised by the record that all the testimony upon which the court acted is before us. The signature of the judge imports the truthfulness of the preceding statements of the record, nothing more. Turning to those statements we find nothing which even by implication asserts the presence of the entire testimony. Certain testimony appears, but it is introduced by no statement, and followed by only such as has been quoted. And this, if it implies anything, implies that a portion of the testimony is omitted. And while it may be conceded that the testimony as stated tends to support the plaintiff's case,

yet it is easy to perceive that many things might have entirely overthrown it. We cannot therefore affirm that there was error in this ruling of the court.

The judgment must be affirmed.

KINGMAN, C. J., concurring.

VALENTINE, J.: The decision of this case is perhaps correct, as this was an action in which the court below had the power to send any or all the issues to a jury to be tried, or to try them itself, at its option; but I dissent from the proposition, stated as broadly as it is in the second paragraph of the syllabus. A judge ordinarily has no right upon demurrer to evidence to weigh conflicting testimony, or to take a case from the jury where there is any evidence to support each and all the issues in the case.