EPHRAIM H. SANFORD v. HENRY M. WEEKS, *et al.*

1. LAND CONTRACT, *Time, Not of the Essence of*. Where a land-owner executes a written agreement to convey to a person therein named for a valuable consideration a certain piece of land on payment of the purchase-price, and the party accepting the contract takes possession of the land and agrees to pay the price in thirty days from date, it is not to be presumed the parties intended that time should be of the essence thereof; and, upon such contract, the purchaser is entitled to a conveyance of the title, if he pays or tenders the purchase-price and interest within a reasonable time after the time specified for payment.

2. IMPROVEMENTS, *Not Conclusive Evidence of Exclusive Possession.* Where a person having an equitable title to a piece of land makes improvements thereon, consisting of the breaking of thirteen or fourteen acres; the fencing of the same with barbed wire and oak posts; the quarrying and cording up of considerable rock and the partial construction of a lime kiln; but has no dwelling house on the land and does not live thereon; and such equitable title is founded upon a written contract not acknowledged, and therefore not entitled to be recorded: *Held,* That such improvements are not of themselves conclusive that the party making the same has open, notorious, unequivocal and exclusive possession of the land under an apparent claim of ownership, as against a subsequent purchaser for a valuable consideration receiving a warranty deed and possession of the land from the holder of the legal title.

*Error from Wabaunsee District Court.*

ACTION brought December 15, 1880, by *Henry M. Weeks* and *Joel P. Weeks*, against *Ephraim H. Sanford*, to quiet title to the northeast fractional quarter of section six, township fourteen, of range twelve, in Wabaunsee county, containing one hundred sixty-one and twenty-eight hundredths acres. On March 18, 1881, E. H. Sanford filed a demurrer to the petition, which was overruled on August 18, 1881; and on August 24, 1881, E. H. Sanford filed an amended answer, setting up title and possession under a written contract with Miss S. E. Bartholomew, dated December 8, 1879. On September 13, 1881, Henry M. and Joel P. Weeks filed their reply. Trial commenced August 1, 1885, before the court, a jury being waived.

The court made the following special findings of fact:

"1. That in December, 1879, S. E. Bartholomew, a single woman, was the owner in fee simple of the northeast quarter of section six, township fourteen, range twelve, in Wabaunsee county, Kansas.

"2. That on the 27th day of September, 1880, the said S. E. Bartholomew conveyed said land by warranty deed duly executed to Henry M. Weeks and Joel P. Weeks, the plaintiffs in this action, which deed was filed for record in the office of the register of deeds in the said county of Wabaunsee on the first day of October, 1880, and that on recording said deed by a mistake of the copyist the name of 'Joel P. Weeks' was written 'Joseph P. Weeks,' and so appears on the record.

"3. That within a day or two after receiving said deed Henry M. Weeks and Joel P. Weeks took possession of said land and proceeded to build a dwelling house and make other improvements thereon, and within two or three weeks after taking possession moved into said house with their families, being both married men, and have had possession of said land ever since.

"4. That in the month of November, 1879, said defendant E. H. Sanford, then living at Eskridge, Kansas, near to said land, desiring to purchase the same, prepared and sent by mail to the said S. E. Bartholomew, then living at Topeka, Kansas, a written instrument, of which the following is a copy, to wit:

"'Topeka, Kansas.—I hereby agree to convey to E. H. Sanford, of Wabaunsee county, Kansas, the northeast quarter of section six, township fourteen, range twelve, by warranty deed, for three hundred dollars and all taxes, penalties and interest that has accrued on said three hundred dollars since the first agreement of July last. To convey the same upon payment of said several sums, all contracts heretofore existing being treated as canceled. The said Sanford agreeing to pay said sums of money in thirty days from this date to the undersigned or her order.'

"And requested her to execute and return the same to him by mail.

"5. That the said S. E. Bartholomew did not comply with said request, but did write out in her own handwriting and sign a certain written instrument, of which the following is a copy:

"'Topeka, Dec. 8th, 1879.—I hereby agree to convey to E. H. Sanford, of Wabaunsee county, Kansas, the northeast quarter of section six, township fourteen, range twelve, by warranty deed, for three hundred dollars and all taxes, penalties and interest that has accrued on said three hundred dollars since the first agreement of July, 1878, to convey the same on payment of said several sums. All contracts heretofore existing being considered as canceled. The said Sanford agreeing to pay the said sums of money in thirty days from this date to the undersigned or her order.— S. E. Bartholomew.'

"And on the date thereof, she sent the same to the said E. H. Sanford, at Eskridge, Kansas, by mail, and it was within a day or two thereafter received by said Sanford.

"6. That said Sanford, neither in writing nor verbally, by mail or otherwise, notified the said S. E. Bartholomew that he had received said written instrument, or that he accepted its terms and conditions, but he caused it to be filed for record in the office of the register of deeds of Wabaunsee county, Kansas, on the 11th day of February, 1880.

"7. That prior to the 8th day of December, 1879, the said E. H. Sanford, under some sort of authority or contract from

21 — 38 KAS.

said S. E. Bartholomew, has been in possession of said land, and has made some improvements thereon of the value of fifty dollars, and was so in possession at the time he received said written instrument, but that after said date he made no improvements of any kind on said land, and was not in open and notorious possession thereof on the 27th day of September, 1880, so as to put any person on inquiry as to his rights.

"8. Said E. H. Sanford never at any time, prior to the commencement of this suit, paid or offered to pay any taxes, interest or penalties on said land, and that he never at any time, either before or since the commencement of this suit, tendered to the said Bartholomew or to anyone for her, or to said plaintiffs or to anyone for them, the amount which he was to pay for the said land according to the terms of said written instrument sent to him by the said S. E. Bartholomew on the 8th day of December, 1879.

"9. That the said plaintiffs, Henry M. Weeks and Joel P. Weeks, had no notice either actual or constructive, at or before the 27th day of September, 1880, that said Sanford had or claimed to have any interest whatever in said land.

"10. That on the —— day of December, 1880, and before the commencement of this suit, the said E. H. Sanford commenced an action of forcible entry and detainer of said land against the said Henry M. Weeks and Joel P. Weeks, which action is still pending in this court."

And thereupon the court made the following conclusions of law:

"1. That said written instrument, dated December 8th, 1879, sent by the said S. E. Bartholomew to the said E. H. Sanford, was a contract for the conveyance of said land by the said Bartholomew to the said Sanford.

"2. That the said E. H. Sanford having failed to perform any of the conditions of said contract imposed upon him, and having failed to tender to said S. E. Bartholomew within a reasonable time after the maturity thereof the money due upon said contract, has lost all equities in said land acquired by him under or by virtue of said contract.

"3. That said plaintiffs, Henry M. Weeks and Joel P. Weeks, were purchasers in good faith without notice of any rights or equities claimed by said Sanford of said land under the deed to them from the said S. E. Bartholomew of September 27th, 1880, and at the time this suit was commenced were entitled to have their title under said deed quieted as

against the said Sanford and all claims of equities or rights in said land by him under said written instrument of December 8th, 1879."

The defendant filed a motion for a new trial, which was overruled; and thereupon the court rendered judgment in favor of Henry M. and Joel P. Weeks, as prayed for in the petition. *Sanford* excepted, and brings the case here.

*E. H. Sanford,* plaintiff in error, for himself.

*Geo. G. Cornell,* and *A. H. Case,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought by Ephraim H. Sanford against Henry M. and Joel P. Weeks, to quiet title to a quarter-section of land in Wabaunsee county. Sanford claimed an equitable title to the land, and actual possession thereof, under a written contract from Miss S. E. Bartholomew, dated December 8, 1879, which was filed for record February 11, 1880; but this contract was not acknowledged. On September 27, 1880, Miss S. E. Bartholomew conveyed the land by warranty deed to the Weekses, which deed, duly acknowledged, was filed for record October 1, 1880. Within a day or two after receiving this deed, the Weekses took actual possession of the land; proceeded to build a ·dwelling house and make other improvements; soon after, they moved into the house with their families, and have had actual possession ever since.

It appears from the evidence and findings of the trial court that Sanford never paid or offered to pay for the land according to the terms of his written contract. The court held, as a matter of law, that by his failure to comply with the terms of the contract, his rights in the land became forfeited, and that he had no equities or other interests therein at the commencement of this action. In the contract, time is not stated as of the essence, and courts are reluctant to enforce forfeitures. It is not to be presumed that the parties to the contract intended that time should be of the essence thereof, in the

absence of any stipulation to that effect. When there is simply a contract to convey upon the payment of a certain amount at a specified time, time is not of the essence of the contract, and a conveyance of the title may be decreed upon tender of the price and interest, if made within a reasonable time. (*Railroad Co. v. Brickley,* 21 Kas. 275; *Land Co. v. Perry,* 23 id. 140.)

If the decision of the trial court rested upon its construction of the written contract of December 8, 1879, the judgment would necessarily have to be reversed; but this is not the pivotal point in the case. The trial court specially found upon the evidence that the Weekses had no notice, actual or constructive, on September 27, 1880, that Sanford had or claimed to have any interest whatever in the land. If the Weekses purchased without notice of Sanford's equities in the land, then of course the Weekses are entitled to the judgment rendered in their favor, because they were *bona fide* purchasers for value. As the written contract of December 8, 1879, was not acknowledged, it being filed for record did not impart notice to the Weekses, or anyone else. (Comp. Laws of 1885, ch. 22, §§ 9, 19, 20.)

Sanford never made any improvements on the land after the date of his contract; but it appears from the evidence that prior to the contract, under consent from Miss Bartholomew, he had taken possession of the land, or a part of it, and had made some improvements, consisting of the breaking of thirteen or fourteen acres, which were fenced with barbed wire and oak posts. There was quarried and corded up upon the land at the time considerable rock. There were, also, some preparations toward the construction of a lime kiln. Sanford, however, had no house upon the land, and was not living thereon. According to the evidence of the Weekses, they had no notice nor knowledge at the time of their purchase that the improvements thereon had been made by Sanford, or that he had any interest or claim to the same. They made inquiries of the agents of their grantor, Miss Bartholomew, and were informed by them that she was the owner of

the premises, and that the matter was all straight. They also inquired of a responsible banker if they could rely upon the representations of these agents, and they were informed they could.

We have time and again stated that open, notorious, unequivocal and exclusive possession of real estate under an apparent claim of ownership is notice to the world of whatever claim the possessor asserts, whether the claim be legal or equitable in its nature. (*McNeil v. Jordan*, 28 Kas. 7; *Tucker v. Vandermark*, 21 id. 263.)

If this were an action pending between Sanford and Miss S. E. Bartholomew, we would have no hesitation in holding that Sanford had actual possession of the premises; but this action is between Sanford and the Weekses, who claim to be innocent purchasers. The only question, really, for our determination is, whether there is sufficient evidence in the record to sustain the finding of the trial court that the Weekses had neither actual nor constructive notice before their purchase of the land that Sanford had, or claimed any interest therein. It was the province of the trial court to determine the credibility of all the witnesses. It seems to have wholly disregarded the evidence of Sanford. If there was injustice in this, we are unable to correct it. The evidence of Henry M. Weeks and Sanford directly conflicts. There was evidence that Sanford did not have open, notorious, unequivocal and exclusive possession of the land at the time of the purchase of the Weekses; therefore we cannot disturb the finding of the trial court, as there is evidence to sustain it. This conclusion necessarily causes an affirmation of the judgment.

Several errors are alleged concerning the admission and rejection of testimony. The briefs do not refer specifically to the pages of the record which counsel desire to have examined, and this of itself is a sufficient excuse for not commenting upon these alleged errors. Notwithstanding the failure of counsel to comply with the rules of practice promulgated by this court, we have read the record carefully, and find, in view of the

conclusions we have reached, that the alleged errors are wholly immaterial.

As the evidence sustains the findings of the trial court, notwithstanding one of the reasons given for the judgment is erroneous, the other reasons are sufficient, and the judgment must be affirmed.

All the Justices concurring.