E. H. SANFORD v. HENRY M. WEEKS *et al.*

1. REVIEW—*Inconsistent Dates in Record.* Where the dates in a case made brought here are so inconsistent and unintelligible as to prevent any understanding of the proceedings of the trial court, this court is in no condition to determine whether any error appears therein.

2. CASE-MADE—*Evidence—Insufficient Certificate.* If it is desired to show by a case-made that all the evidence is presented therein, a statement to that effect must be inserted in the case itself. A recitation merely in the certificate of the trial judge to that effect is not sufficient.

*Error from Wabaunsee District Court.*

ACTION by *Weeks* and another against *Sanford*, to remove a cloud from their title to certain lands. Judgment for plaintiffs, at the May term, 1889. The defendant comes here. The opinion states the facts of this case—No. 6590.

*E. H. Sanford*, plaintiff in error, for himself.

*A. Bergen*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: In December, 1890, Henry M. Weeks and Joel P. Weeks commenced an action against E. H. Sanford to "remove a cloud" from their title, Sanford setting up a prior contract of sale from their vendor, under which contract he claimed he was in possession, with valuable improvements. Upon the testimony of Henry. M. Weeks, alleging want of actual notice of the possession and rights of Sanford, the district court rendered judgment as prayed for. This judgment was afterwards affirmed by this court, upon the ground that the credibility of the witnesses and the weight of their testimony was with the trial court, not this court. This court, however, in its opinion, decided that the prior contract of sale held by Sanford was valid. (*Sanford v. Weeks*, 38 Kas. 319; *Sanford v. Weeks*, 39 id. 649.) Thereupon this court issued its mandate, on January 7, 1888, which was filed in the court below, January 17, 1888. On the 16th day of October, 1888, Sanford filed his amended motion for a new trial, based upon the affidavits of himself and Henry Rickel, alleging fraud and perjury in procuring the judgment. On account of a motion for a rehearing in the case of *Sanford v. Weeks* in this court, the mandate originally issued was ordered stayed, pending the decision of the motion in this court. It does not appear, however, that any notice of the order of stay of this court was filed or presented to the district court before the 15th day of May, 1888, upon which day the order complained of was made.

It is now urged that, by a written stipulation between the parties, filed in the court below, the hearing of the motion for the new trial was passed until the 23d of May, 1888. As the amended motion was not filed until the 16th day of October, 1888, we do not understand how the stipulation that it should not be heard until the 23d of May, 1888, several months before it was filed, could have any effect whatever. Again, we do not understand how the amended motion, which was not

22—50 KAS.

filed until October, 1888, could have been disposed of on the 15th day of May, 1888 — before it was filed. It is evident that the record presents such inconsistent dates that it is impossible to give any construction to it beneficial to the plaintiff in error.

On the evening of the 15th of May, 1888, Sanford not being present at the time, the mandate of this court was spread upon the record, and the motion for a new trial and to vacate the judgment of the district court was overruled. According to the record, on the 16th day of May, 1889, a motion was filed to vacate and set aside the order overruling the motion for a new trial and asking the motion to be reinstated for hearing. This was overruled, according to the record, on the 29th of May, 1889. The petition in error recites that the order and judgment complained of were rendered at the May term of the district court of Wabaunsee county for 1889. If the amended motion for a new trial was overruled, as shown by the record, on the 15th day of May, 1888, and if Sanford delayed his objection to the disposition of the motion at that time until the 16th of May, 1889, about a year, as both the record and petition in error show, it is doubtful, on account of his *laches*, whether his subsequent motion for vacation and reinstatement, of the 16th of May, 1889, has any merit whatever.

But further, there is an omission in the record which prevents us from considering the questions discussed. Attached to the petition in error is a case-made. It is not shown therein, excepting in the certificate of the trial judge, that the evidence is preserved in the record, and it does not affirmatively appear that no evidence was offered. It has been frequently decided by this court that, "where a case is made and settled for the supreme court, and the party making it desires that it shall be shown that the case contains all the evidence that was introduced on the trial, a statement to that effect should be inserted in the case itself, and not in the certificate of the judge who settles the case." (*Eddy v. Weaver*, 37 Kas. 540.)

In view of the record as presented, this court cannot do otherwise than affirm the judgment of the trial court.

All the Justices concurring.