ALEXANDER RUSSELL v. JOHN C. THOMPSON.

1. REPLEVIN —*Appellate Court—Jurisdiction.* In an action of replevin, where the value of the property in controversy, as set forth in the petition of the plaintiff, exceeds $100, and where the value is fixed by the jury at more than $100, and an alternative judgment is rendered in said case for over $100, *held*, that the amount in controversy, exclusive of costs, exceeds $100, and gives this court jurisdiction.

2. NO TRANSCRIPT— *No Case-made— Dismissal.* Where no transcript of the proceedings, containing the final judgment or order sought to be reversed, vacated, or modified, or an original case-made, as required by ¶4648 of the General Statutes of 1889, has been filed with the petition in error, a motion to dismiss the appeal will be sustained.

MEMORANDUM.— Error from Chase district court; FRANK DOSTER, judge. Action by John C. Thompson against Alexander Russell. Judgment for plaintiff, and defendant brings error. Dismissed. Opinion filed June 7, 1895.

The statement of the case, as made by DENNISON, J., is as follows:

There has been filed in this court a petition in error in the above-entitled case. Attached to the petition in error are some papers which were filed April 11, 1891, by George M. Hayden, clerk of the district court. Said papers consist of one page of an index entitled "John C. Thompson v. Alexander Russell, district court of Chase county, Kansas. Action of replevin." Then follows what seems to be a copy of 89 pages of evidence, without any title or any statement as to what case the said evidence might have been given in. Then follows three pages of instructions of the court, without any statement as to what

case said instructions were given in. Then comes a certificate, which is as follows: "I hereby certify that the foregoing is a true and correct copy of my shorthand notes taken at the trial of said cause.— JOHN H. SWOPE, Sten. *pro tem.* Jud. Dist." Then follows what purports to be a copy of a petition, a copy of an answer, journal entry, including verdict and special findings, and the overruling of the motion for a new trial. Then follows what purports to be a copy of a motion for a new trial, and upon this motion appears the following certificate:

"State of Kansas, Chase county, ss.: I, George M. Hayden, clerk of the district court of Chase county, Kansas, do hereby certify the above and foregoing to be a true and correct copy of all the pleadings in the above-entitled cause. Witness my hand and seal of the above court, this 11th day of March, 1891."

Then follows the following: "Service of the within case-made accepted, this 19th day of March, 1891. Madden Bros., attorneys for plaintiff." And also the following: "No amendments to suggest; service of notice of case-made waived. Madden Bros., attorneys for plaintiff. Dated, April 7, 1891." Then follows the following certificate:

'*In the district court of Chase county, Kansas.*

"J. C. Thompson, plaintiff, *v.* Alexander Russell, defendant.

"I, Frank Doster, judge of the district court of the twenty-fifth judicial district, in and for said county of Chase, do hereby certify that the above and foregoing case-made contains a full, correct and true copy and statement of the pleadings, evidence, stipulations, findings of the court, and decisions thereon, and all exceptions by either party thereto, and all proceedings subsequent to the judgment of the court; and I do further certify that this case has been by me examined, settled, allowed and signed, at the request of

the defendant, with the consent of the plaintiff, this 10th day of April, 1891.    FRANK DOSTER, *Judge*.

"Attest:  GEORGE M. HAYDEN, *Clerk district court*."
[Seal.]

On the 19th day of April, 1895, the defendant in error, by his attorneys, Madden Bros., filed his motion to dismiss the petition in error filed herein, which said motion is as follows:

"*In the Kansas court of appeals, southern department, central division.*

"Alexander Russell, plaintiff in error, *v.* J. C. Thompson, defendant in error.

*Motion to dismiss.*    "Comes now the defendant in error, and moves the court, on profert of the alleged record, to dismiss the alleged petition in error and all proceedings herein for each of the following separate reasons, to wit:  First, that it does not appear on the face of the record that the amount or value in controversy, exclusive of costs, exceeds $100, and hence this court has no jurisdiction;  second, that there is no case-made or transcript of the proceedings filed with the petition in error;  third, that there is no statement or certificate that there is a record of all the proceedings.    MADDEN BROS., *Attorneys for defendant in error*."

This motion was filed April 19, 1895.

*Grisham & Butler*, for plaintiff in error.

*Madden Bros.*, for defendant in error.

The opinion of the court was delivered by

DENNISON, J. :  The first reason set forth in the motion to dismiss, is that it does not appear on the face of the record that the amount or value in controversy, exclusive of costs, exceed $100, and hence this court has no jurisdiction.    This is an action for the recovery of specific personal property.    The petition filed in the court below in this case by the plaintiff (this

defendant in error) alleges that the personal property consisted of 325 bushels of corn, of the value of 65 cents per bushel, all of the aggregate value of $211.25, and for $50 damages for the wrongful detention of the same. The verdict of the jury was that the plaintiff (this defendant in error) was entitled to the posses- sion of the property in dispute; that the number of bushels to which he was so entitled is 340, and that the market value of the same is $57\frac{1}{2}$ cents per bushel; that the defendant wrongfully detains the same, and it assessed plaintiff's damages for such detention at $15\frac{3}{16}$ cents per bushel, amounting to $52.02. The judg- ment of the court was that the plaintiff (this defend- ant below) have and recover the immediate possession of the property in dispute, to wit, a lot of corn, con- sisting of 340 bushels in the crib, and that if a deliv- ery cannot be had he recover its value at the rate of $57\frac{1}{2}$ cents per bushel, to wit, the sum of $195.50, and that in any event plaintiff have and recover the sum of $52.02, and the costs herein, taxed at $130.05.

The evidence in this case discloses the fact that the original controversy between these parties was for the balance claimed by said Russell to be due from said Thompson, which was probably between $30 and $40, and if this action had been brought by Russell to re- cover the balance which he claimed to have been due from Thompson, that would probably have been the amount in controversy between them; but he did not bring such an action, but the action that was brought by Thompson against Russell was for the recovery of the possession of a crib of corn that was valued at $195.50 by the jury, and for the sum of $50, as damages for its detention. The units or bushels of corn are in the plaintiff's (this defendant in error) petition enumerated at 325, and he claims that each

unit or bushel was worth 65 cents.   The jury found
that the number of units was 340, and that each unit
was worth 57½ cents, and the judgment of the court
was that there were 340 units or bushels of corn, and
that each unit or bushel was worth 57½ cents, and
that the value in controversy in this suit was $190.50,
and the damages were $52.02, making the amount or
value in controversy between these parties $247.52.
For these reasons this court must decide that the
amount or value in controversy, ·exclusive of costs,
exceeds $100, and that this court has jurisdiction.

The second contention of said motion to dismiss is
that there is no case-made or transcript of the pro-
ceedings filed with the petition in error.   There has
evidently been no attempt at having a transcript of
the proceedings of the court below filed with the peti-
tion in error in this case, but attached to the petition
in error herein are some papers which were filed in
the district court of Chase county, Kansas, on April
11, 1891.   The question for us to decide is, whether
said papers attached to this petition in error are a
legal case-made.   They consist simply of one page of
index, 89 pages of evidence, instructions of the court,
petition, answer, journal entry, and motion for a new
trial.   After the instructions of the court is the cer-
tificate of a stenographer *pro tem.* "that the forego-
ing is a true and correct copy of my shorthand notes
taken at the trial of said cause," and upon the motion
for a new trial is a certificate of the clerk of the dis-
trict court that "the above and foregoing is a true
and correct copy of all the pleadings in the above-
·entitled cause," but without saying what cause, unless
it should refer back to the title at the commencement
of the motion for a new trial.   This is the exact con-
dition of what purported to be a case-made, which

was presented to the attorneys for the plaintiff (this defendant in error) and upon which they accepted service on the 19th day of March, 1891, and upon which they make the following statement: "No amendments to suggest; service of notice of settlement of case waived.    Madden Bros., attorneys for plaintiff; dated April 7, 1891."

Following the decisions laid down in 14 Kas. 377, 37 id. 540, 43 id. 195, and many other Kansas decisions, we must hold that this is not a case-made. Nor can the defect be remedied by the certificate of the judge.    And it would seem proper to say that this should not be so in this case, for the reason that the only statement there is in the paper is that it contains a full, correct and true copy and statement of the pleadings, evidence, stipulations, findings of the court, and the decisions thereon ; and all exceptions by either party thereto, and all proceedings subsequent to the judgment of the court, was made by said judge after it had been served upon the attorneys of this defendant in error ; and while, when it was served upon them, they say they have no amendments to suggest, and that they will waive service of notice of settlement, it certainly must be held that they accepted service of the papers presented to them, and that they stated that they have no amendments to suggest to whatever paper was handed to them, and not to what might be stated afterward, and that they waive notice of settlement of such a case-made as was presented to them, and not to some further statement which the judge may make in the case.    It might have been, if the papers presented to them had stated that they contained a full, correct and true copy and statement of the pleadings and evidence, stipulations, findings of the court, and the decisions thereon, and all ex-

ceptions by either party thereto, and all proceedings subsequent to the judgment of the court, that they might have had some amendments to have offered.

Paragraph 4647 of the General Statutes of 1889 reads as follows:

"That in all actions hereinafter instituted by petition in error in the supreme court the plaintiff in error shall attach to and file with the petition in error the original case-made filed in the court below, or a certified transcript of the record of said court."

In this case there is no original case-made filed in the court below, and no original case-made filed with this petition in error, nor was there a certified copy of the transcript of the record of said court filed with this petition in error.

For these reasons the motion to dismiss will be sustained.

All the Judges concurring.