W. P. WILSON, *as Sheriff of Labette county, et al. v.* ELIZABETH E. WILLEY.

DEFECTIVE CASE-MADE, *Not Remedied by Certificate.* .When no case-made was filed in the court below, and no original case-made, or a certified transcript of the record of said court, is filed with the petition in error, the case must be dismissed. A case-made must stand upon its own merits, and any defect therein cannot be remedied by the certificate of the judge. "The signature of the judge to a case-made, or a bill of exceptions, imports the truthfulness of the preceding statements in such case or bill, and nothing more." (*Bronson v. Johnson*, 14 Kas. 377 ; *Eddy v. Weaver*, 37 id. 540.) The statements contained in the record attached to this petition in error are not sufficient to constitute a legal case-made.

MEMORANDUM.—Error from Labette district court ; J. D. McCUE, judge. Action to recover damages for the wrongful taking and detention of personal property, by Elizabeth E. Willey against W. P. Wilson, as sheriff, and the First National bank of Oswego, Kas. Plaintiff had judgment, and defendants bring the case

to this court.    Dismissed.    The material facts appear
in the opinion, filed July 16, 1895.

*Nelson Case*, for plaintiffs in error.

*Kimball & Osgood*, and *J. H. Morrison*, for defend-
ant in error.

The opinion of the court was delivered by

DENNISON, J. : The defendant in error in this case
raises the question of the sufficiency of the case-made,
and claims that there is no sufficient case-made filed
with the petition in error to enable this court to re-
view the questions raised by the plaintiff in error.
Attached to the petition in error is an index, and then
the following :

"*In the district court for Labette county, Kansas.   Case-made.*
" Elizabeth E. Willey, plaintiff, *v.* W. P. Wilson and
the First National Bank of Oswego, defendants.

" For the purpose of preserving the record in a com-
plete form, in order that they may thereby protect
their rights, said defendants ask the allowance of the
following case-made, and that the same be made to
embrace all the pleadings on file in the case, all the
evidence offered and introduced at the trial, all the
instructions of the court to the jury, the verdict of the
jury, the journal entry of the order overruling de-
fendant's motion for a new trial, the judgment ren-
dered and the order fixing time for making, serving
and settling the case-made, a complete transcript of
which is hereto annexed."

" In addition to the objections and exceptions of de-
fendants that appear in the record, defendants ex-
cepted to the court's instructions to the jury, and
especially to that part of them defining the liability
of defendants in caring for the property taken, and as
to the question of their responsibility for its damage
while in their possession.    In passing on defendants'
motion for a new trial, and determining the amount
it would require the plaintiff to remit in order to

secure a judgment on the verdict, the court found the plaintiff's actual damage was $449.75. To this amount he added 7 per cent. interest from June 19, 1889, the time the property was levied on, to May 31, 1890, the day of the trial, amounting to $27—the actual damage and interest thereon from the time the property was injured to the time the verdict was rendered amounting to $476.75, which amount he allowed the plaintiff to take judgment for in lieu of $622 as found by the jury; and plaintiff consenting to such reduction, defendants' motion for a new trial was overruled. To the allowance of interest and amount of damage sustained, defendants objected, and duly excepted to the court's ruling thereon. Defendants also duly excepted to the order overruling their motion for a new trial.''

This is the only statement made by the plaintiff in error to be found anywhere in the purported case-made. Without any description or explanation or statement, appear a petition, an amendment thereto, an answer, a reply, motion for a new trial, what is probably intended to be a journal entry, (but which nowhere states that it is,) containing the verdict of the jury, and what is probably intended as the order of the court in overruling the motion for a new trial, some instructions to the jury, and some evidence, followed by a certificate of the judge, which is as follows :

"*In the district court for Labette county, Kansas.*

'' Elizabeth E. Willey, plaintiff, *v.* W. P. Wilson and the First National Bank of Oswego, Kansas, defendants.

"I, J. D. McCue, judge of the eleventh judicial district, Kansas, do hereby certify that the foregoing case-made was served within the time allowed; that, with all amendments suggested, it was on due notice presented to me within the time required; that it contains all the pleadings in the case, all the evidence

introduced on the trial thereof, all the instructions of the court to the jury, the verdict of the jury, the order of the court overruling defendant's motion for a new trial thereof, the judgment of the court, all objections and all exceptions taken to the rulings of the court during the trial. The case-made, as thus constituted, served and presented, is hereby allowed by me, and the clerk of said court is hereby directed to attest the same and attach the seal of said court hereto, and file it among the papers in said case. Done at my chambers in Columbus, Labette county, Kansas, this 20th day of September, 1890.

"J. D. McCUE, *Judge Eleventh District.*

"Attest: Colon Hodge, clerk of the district court, Labette county, Kansas." [Seal]

The question to be decided is as to whether a legal case-made was presented to the judge for settlement; and, in deciding this question, the case-made must stand upon its own merits, and any defect therein cannot be remedied by the certificate of the judge. "The signature of the judge to a case-made, or a bill of exceptions, imports the truthfulness of the preceding statements in such case or bill, and nothing more." (*Brown v. Johnson*, 14 Kas. 377; *Eddy v. Weaver*, 37 id. 540.) The only statement in said case-made that the proceedings had in the court below were all incorporated into the case-made is found in the following statement at the beginning of what purports to be a case-made :

"For the purpose of preserving the record in a complete form, in order that they may thereby protect their rights, said defendants ask the allowance of the following case-made, and that the same be made to embrace all the pleadings on file in the case, all the evidence offered and introduced at the trial, all the instructions of the court to the jury, the verdict of the jury, the journal entry of the order overruling defendant's motion for a new trial, the judgment ren-

dered, and the order fixing time for making, serving
and settling the case-made, a complete transcript of
which is hereto annexed."

The writer of this opinion has given a good deal of
time and study to this statement, attempting to make
it save this case-made, if possible. Analyzing this
statement in all its bearings, we find that in it the de-
fendants in the court below ask the *allowance* of the
following case-made, for the purpose of preserving the
record and protecting their rights, and that the same,
(and the word "same" in this connection must cer-
tainly refer to the thing they ask for, which is the al-
lowance of the following case-made,) be made to
embrace all the pleadings on file in the case, all the
evidence offered and introduced at the trial, all the
instructions of the court to the jury, the verdict of the
jury, the journal entry of the order overruling de-
fendants' motion for a new trial, the judgment ren-
dered, and the order fixing time for making, serving
and settling the case-made. A fair and reasonable
interpretation of this language must be construed to
mean that the defendants in the court below asked
the judge, in his allowance of the following case-
made, to make it embrace all these things; and the
judge in his certificate complied with this request,
and made his allowance containing everything asked
for in this statement. We now come to the last
clause or sentence of this statement, "a complete
transcript of which is hereto annexed." It is evident,
if this can be sustained as a legal case-made, that this
sentence must be relied upon for that purpose. A
transcript is "an official copy of certain proceedings
in a court." It is evident that this whole statement
quoted is a request to the judge to allow the following
case-made, to make the allowance embrace certain

things therein specified, and it ends with the statement to the judge that a complete official copy of those proceedings is hereto annexed. The proceedings which follow nowhere have the certificate of the clerk or anyone else that they are true and correct copies of all the proceedings which were had in the case. It will hardly be contended that the judge intended to certify that the papers which are annexed to this statement were an official copy of the proceedings in this case, and, if he did so intend, it is plain to be seen that the statement would not be true. But giving this last sentence the most favorable construction that can possibly be put upon it, and make it say that annexed to this statement is a complete transcript of all the pleadings on file in the case, all the evidence offered and introduced at the trial, all the instructions of the court to the jury, the verdict of the jury, the journal entry of the order overruling defendants' motion for a new trial, the judgment rendered, and the order fixing the time for making, serving and settling the case-made, this would not be a sufficient statement in a case-made, even though it be certified by the judge that the statement was true, to assure this court that it was reviewing all the proceedings had in the case, and none other. While this would state that this was a complete transcript of all the pleadings on file in the case, there is no statement that there are no other pleadings attached hereto. There is no statement that there is no evidence in the record which was not offered or introduced at the trial; there is no statement that there are no instructions in the record that were not given by the court. Should the court have given five instructions and the record contained ten, still the statement that there is annexed a complete transcript of all the instructions given by

the court would be absolutely true.   While the statement would be made that this contains all the proceedings had, there is no statement that all of these proceedings were had.

We are reluctantly compelled to hold that this is not a legal case-made; neither is it a transcript of the proceedings.

Paragraph 4647 of the General Statutes of 1889 reads as follows :

"That in all actions hereafter instituted by petition in error in the supreme court, the plaintiff in error shall attach to and file with the petition in error the original case-made filed in the court below, or a certified transcript of the record of said court."

In this case there was no case-made filed in the court below, and no original case-made or a certified transcript of the record of said court is filed with this petition in error.

It is the order of the court that this case be dismissed.

All the Judges concurring.