Alexander v. Alexander.

A. F. Alexander and J. B. Nipp v. J. M. Alex-
    ander, Jacob Binkey, *et al.*

#### No. 420.

1. Practice, Courts of Appeals—*Amendment of Petition in
   Error.*    An amendment to a petition in error which in effect adds
   to the contents of the case-made cannot be permitted.
2. Agency—*Evidence Examined.*    Evidence examined, and held
   sufficient to sustain a finding by the trial court that an alleged
   agency actually existed.

Error from Cowley district court; A. M. Jackson,
judge.    Opinion filed November 14, 1898.    Affirmed.

*McDermott & Johnson*, for plaintiffs in error.

*F. C. Johnson*, and *Smith & Cogdal*, for defendants
in error.

The opinion of the court was delivered by

Milton, J. : Whether or not Curns & Manser were
authorized by A. F. Alexander, as his agents, to col-
lect a debt evidenced by a note and mortgage from
Jacob Binkey and wife, was the principal question
presented by the pleadings and tried and determined
by the court.    The petition filed by J. M. Alexander
prayed for a perpetual injunction restraining the
sheriff of Cowley county from selling a certain tract
of land then owned by the plaintiff under a foreclosure
judgment in favor of A. F. Alexander and against the
Binkeys.    A good cause of action was stated in the
petition.    The court found that all the allegations of
the petition were true ; that those of the answer were
not supported by the evidence ; that the judgment
against the Binkeys under which the land was about
to be sold had been assigned to the plaintiff by Curns
& Manser, who were the agents of A. F. Alexander to

collect the debt due under the Binkey note and mortgage, as alleged by the plaintiff; and granted the perpetual injunction as prayed for.    It appears that, although J. M. Alexander paid to Curns & Manser the full amount of the said judgment in favor of A. F. Alexander, no part of the money was paid over to the latter by Curns & Manser.

Plaintiffs in error ask leave to amend the petition in error by inserting an allegation with an exhibit thereto respecting the written assignment of the judgment, which at the time of the trial could not be found and has been discovered since the petition in error was filed.    The amendment cannot be allowed, as it involves the amendment of a case-made after the same was filed in the appellate court.    (*Snavely v. Buggy Co.,* 35 Kan. 106, 12 Pac. 522.)

We think the court admitted improper evidence over the objection of defendants below, but we find competent and unobjectionable evidence covering the same ground.    We therefore hold that the admission of the improper evidence was not reversible error.

In the action in which A. F. Alexander obtained his judgment of foreclosure against the Binkeys, two other mortgages were foreclosed, all covering the same real estate.    The land was sold under a judgment in favor of Frances Kelley and was purchased by J. M. Alexander, who was a judgment debtor under the Kelley judgment.    A. F. Alexander's judgment was a first lien on the land.    In the decree confirming the sale it was stated that J. M. Alexander was the "present owner and assignee of the judgments heretofore rendered in said action first above entitled in favor of Jacob Binkey and A. F. Alexander respectively."    It thus appears that the matter of the assignment of the judgment had received an adjudication prior to the commencement of the present action.

The record contains a large number of letters written by A. F. Alexander to Curns & Manser. These letters show that Alexander repeatedly urged Curns & Manser to make collection of the mortgage debts due him; that he desired them to foreclose mortgages owned by him; that he knew the Binkey mortgage was being foreclosed; and that he was expecting the proceeds thereof to be remitted to him by Curns & Manser. The evidence of agency on the part of the latter to collect the Binkey note and mortgage is stronger than that declared sufficient in the case of *Shane v. Palmer*, 43 Kan. 481, 23 Pac. 594, to show authority of T. C. Henry & Co. to collect money due from a mortgagor. In our view it is immaterial that the agents assigned the judgment in favor of their principal, instead of releasing such judgment. Other matters discussed by counsel do not require special mention.

The judgment of the trial court is supported by competent evidence and will be affirmed.