BOARD OF COMMISSIONERS OF D COUNTY v. F. H. WRIGHT.

(Filed Feb. 11, 1899.)

1. CASE-MADE—*Appeal—Evidence.* Where the questions presented to this court for review by the plaintiff in error depend upon the consideration of the evidence introduced upon the trial in the court below, the case-made must contain all the evidence, and this must affirmatively appear in the case-made itself. A mere statement in the certificate of the district judge that it contains all the evidence is not sufficient.

2. SAME—*Certificate of Judge not Sufficient.* The certificate of the district judge to a case-made imports the truthfulness of the preceding statements in the case, but nothing more, and we must ascertain from the statements in the case-made itself whether or not all the evidence is preserved in the record.

3. RECORD—*Presumption.* All presumptions, in the absence of a complete record, are in favor of the correctness of the findings and the judgment of the trial court.

4. SAME—*Insufficient—Rule Applied.* The record examined in this case, and *held* to be insufficient to review the questions presented by the plaintiff in error.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before John C. Tarsney, District Judge.*

*John F. Stone* and *George S. Green,* for plaintiff in error.

*John I. Dille, C. O. Blake* and *E. E. Blake,* for defendant in error.

Action by F. H. Wright against the board of county commissioners of D county. Judgment for plaintiff. Defendant brings error. Affirmed.

Opinion of the court by

HAINER, J.: This case comes here on appeal from the district court of Canadian county, on what purports to be a case-made. It appears from the record that F. H. Wright, the defendant in error, recovered a judgment against the board of county commissioners of D county for $932.72, in a suit upon county warrants. The board of county commissioners of D county, defendant in the court below, in its answer to the plaintiff's petition, set up as a defense, that the warrants sued upon were viod, because at the time the debts were incurred and the warrants issued, they created an indebtedness beyond 4 per cent. of the value of the taxable property in D county, as shown by the last assessment for territorial and county taxes previous to the incurring of such indebtedness. To this answer the plaintiff filed a reply containing a general denial. Upon the issues thus framed the case was tried by the court in Canadian county on a change of venue from D county, by agreement of the parties. The questions presented to this court for review involve a consideration of all the evidence introduced upon the trial of this case. The record in this case does not show that all the evidence was preserved and brought to this court. In fact, after an inspection of the record, it is impossible to state what evidence was introduced and considered by the court. It is true that the certificate of the district judge contains a recitation that the case-made contains all the pleadings, motions, orders, evidence, etc., in the case, but that is not sufficient. The case-made itself must affirmatively show that it includes all the evidence, before it can be reviewed by this court. Where the ques-

tions presented to this court for review by the plaintiff in error depend upon the consideration of the evidence introduced upon the trial in the court below, the case-made must contain all the evidence, and this must affirmatively appear in the case-made itself. A mere statement in the certificate of the district judge that it contains all the evidence is wholly insufficient. (*Tootle v. Turner*, [Kan. App.] 54 Pac. 1036; *Sanford v. Weeks*, 50 Kan. 336, 31 Pac. 1087; *Town Co. v. Rittenhouse*, [Kan. Sup.] 30 Pac. 181; *Eddy v. Weaver*, 37 Kan. 540, 15 Pac. 492.)

The certificate of the district judge to a case-made, imports the truthfulness of the preceding statements in the case, but nothing more, and we must ascertain from the statements in the case-made itself whether or not all the evidence is preserved in the record. (*Brown v. Johnson*, 14 Kan. 377; *Wilson v. Willey* [Kan. App.] 42 Pac. 1092; *Hill v. Bank*, [Kan. Sup.] 22 Pac. 324.)

In the absence of a complete record, all the presumptions are in favor of the correctness of the findings and judgment of the trial court. As the record brought here to this court for review fails to show that it includes all the evidence upon which the findings and judgment of the district court were based, we are therefore unable to state that they are contrary to the evidence upon the issues involved in the trial of said cause. The judgment of the district court is therefore affirmed.

Tarsney, J., having presided in the court below, and Burford, C. J., having been of counsel, not sitting; all of the other Justices concurring.