## J. D. Frazier v. S. D. Weaver.
### No. 13,183. ( 72 Pac. 792.)

Error from Coffey district court; Dennis Madden, judge. Opinion filed June 6, 1903. Dismissed.

*W. W. Brown,* and *J. D. Frazier,* for plaintiff in error.
*Lamb & Hogueland, S. D. Weaver,* and *J. I. Wolfe,* for defendant in error.

*Per Curiam:* This case cannot be considered for two reasons. First, the bill of exceptions does not properly show that it contains all of the evidence submitted, and

the questions brought here can only be determined on all of the testimony. (*Brown v. Johnson*, 14 Kan. 377.) Another reason is that the record brought here shows on its face that the contest court had no authority to allow and sign a bill of exceptions when it was done. The case was decided on January 12, 1901, in favor of the contestor. An adjournment was then taken until January 19, for the purpose of allowing and signing a bill of exceptions. At that time the court met, and, the contestee not being ready with his exceptions, another adjournment was taken until January 26. At that time the contestee presented a bill which was found not to be true, and the court directed that certain amendments be made, but the contestee peremptorily and positively refused to make any amendments, and the court adjourned without day. Later, and on February 9, the court met in obedience to a writ of mandamus issued by the district court, for the purpose of allowing and signing a bill of exceptions. One was presented by the contestee, and the court, after examining it, required that it be amended in certain particulars, and thus made to speak the truth. The contestee, however, refused to make the amendments, and the court then asked to take the document, so that it could make the amendments for itself; but the contestee took possession of it, declaring that he would not permit the court to make amendments, and he left the court-room, taking the document with him. The court thereupon adjourned without day. After that time, at least, the court was without power to sign a bill of exceptions, and one which has not been allowed and authenticated as the law requires cannot be considered. Either ground mentioned prevents a consideration of the case, and hence the proceeding will be dismissed.