B. K. & S. W. Rld. Co. v. Grimes.

| 38 | 241 |
| 38 | 246 |
| 38 | 241 |
| 42 | 366 |
| 38 | 241 |
| 43 | 197 |
| 38 | 241 |
| 44 | 279 |
| 44 | 368 |
| 44 | 479 |
| 44 | 695 |
| 38 | 241 |
| 45 | 479 |
| 46 | 246 |
| 38 | 241 |
| 47 | 16 |
| 38 | 241 |
| 54 | 644 |

THE BURLINGTON, KANSAS & SOUTHWESTERN RAILROAD COMPANY v. ANNIE GRIMES.

1. CASE-MADE, *Judge to Settle; Entire Evidence.* It is the province of the judge of the court, and not that of the official stenographer, to settle and determine whether a case made for the supreme court contains all the evidence or not; and if it be desired that it shall be shown that the case contains all the evidence, a statement to that effect should be inserted in the case itself, and not necessarily in the certificate of either the judge or the stenographer. But an entire failure to show that the case contains all the evidence is not a ground for a dismissal of the petition in error and the case from the supreme court.

2. ——— *Immaterial Error.* Where irrelevant and immaterial evidence is introduced on the trial, but it appears that the adverse party's rights were not prejudiced thereby, *held,* not material error.

*Error from Phillips District Court.*

THE opinion states the case.

*W. W. Guthrie,* for plaintiff in error.

*Webb McNall,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: A motion has been made in this case to dismiss the petition in error and "case-made" from this court, for various reasons; but we do not think that any of the reasons given are sufficient, and hence the motion must be overruled. Among the reasons given is one that the certificate of the judge does not show that the "case-made" contains all the evidence. It is not necessary in any case, that the certificate of the judge should so show; but if it be desired that it shall be shown to the supreme court that all the evidence is contained in the case-made, a statement to that effect should be inserted in the case itself. It is not shown in this case that the "case-made" contains all the evidence, but the failure to make such a showing is not a ground for dismissal. We find

16 — 38 KAS.

a certificate of the official stenographer appended to the evidence contained in the case, "that the foregoing is a true and correct transcript of all the evidence," etc.; but such a certificate is not sufficient. It is the province of the judge of the court, and not that of the stenographer, to settle and determine .whether the "case-made" contains all the evidence or not, and to settle and determine the identity of all the proceedings and the truthfulness of all the statements contained in the case made for the supreme court.

This proceeding was an appeal to the district court by Annie Grimes, from an award of damages made by commissioners in certain condemnation proceedings. The damages claimed are such as are alleged to have resulted by reason of the Burlington, Kansas & Southwestern Railroad Company's locating its railroad and appropriating a right-of-way through the land of the said Annie Grimes. This appropriation was accomplished on June 29, 1885. The trial with respect to damages was had from June 1 to 3, 1886, before the court and a jury, and the jury found damages in favor of Mrs. Grimes, as follows:

| | |
|---|---:|
| For land actually taken | $82 08 |
| Damages to land not taken, on north side | 160 00 |
| Damages to land not taken, on south side | 346 50 |
| Pasture | 28 00 |
| Fences | 5 00 |
| Crops | 6 00 |
| Interest | 33 42 |
| Total | $661 00 |

Upon the verdict and findings of the jury, the court rendered judgment in favor of Mrs. Grimes for costs, and awarded her damages to the amount of $627.58. Why the court did not award her the full amount of the damages which the jury found that she had sustained, is not shown. The court ordered this amount to be paid into the county treasury. If the railroad company has already paid into the county treasury $170, and if that amount still remains there, the company will be required to pay only $457.58 more in order to make the entire amount of $627.58.

Some evidence was introduced that was irrelevant and immaterial, but we do not think that the defendant's rights were

prejudiced thereby. As to some of this evidence, the court instructed the jury to disregard it, and from their special findings they must have disregarded the whole of it. The aggregate amount of the damages specially found by the jury is just equal to the entire amount of damages found by them in their general verdict; hence no unwarranted damages were allowed. We think no material error was committed.

The judgment of the court below will be affirmed.

All the Justices concurring.