ED. RYAN V. JOHN MADDEN *et al.*

1. CASE-MADE — *Copies of Pleadings — Presumption.* Where there is attached to a petition in error a case-made in which is found what purport to be copies of the pleadings and proceedings in the cause, but which are not specifically referred to and identified by marks or numbers, and there is attached to the case-made a certificate of the judge and the attesting signature and seal of the clerk, the presumption will be that the copies of the pleadings and proceedings therein are what they purport to be, and that all were included in the case-made when it was served upon the defendants and settled and signed by the judge.

2. EVIDENCE, *When Examined.* The sufficiency of the evidence to sustain the verdict cannot be examined unless the record properly shows that all the evidence is preserved.

3. INSTRUCTIONS — *Insufficient Exception.* A general exception to a charge embracing various propositions of law is insufficient to bring before the court anything except the general scope and effect of the charge. If a party objects to any particular proposition which it contains, he should point out the same, and take an exception thereto.

*Error from Chase District Court.*

EJECTMENT. Judgment for the defendants, *Madden* and another, at the June term, 1888. The plaintiff, *Ryan*, brings the case to this court. The facts appear in the opinion.

*Wood & Grisham,* and *A. M. Mackey,* for plaintiff in error.
*C. N. Sterry,* and *F. P. Cochran,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action of ejectment to recover possession of a tract of land in Chase county. The verdict and judgment were given in favor of the defendants, and the plaintiff alleges error. The defendants challenge the sufficiency of the record, and claim that there is nothing here for review, for the reason that the pleadings and proceedings now found within the case are not specifically marked and identified. There is attached to the petition in error what is termed a "case-made," in which there is, first, a brief recital of the dif-

ferent proceedings in the trial, which are referred to as being "hereto attached," without special designation. Then follow what purport to be copies of pleadings, evidence, instructions, verdict, motion for a new trial, and judgment; and at the end of all these is a stipulation of both parties as to the time of settling the case, which is followed by the certificate of the judge. In this state of the record, there can be no question but that the pleadings and proceedings are what they purport to be, and a fair presumption is that all were included in the case-made when it was served upon the defendants and settled and signed by the judge.

Though the case is here for review, we are unable to examine the points contended for by plaintiff in error. One of these is that the evidence is insufficient to sustain the verdict and judgment, and the other, that the jury were improperly instructed in a certain particular. The sufficiency of the evidence cannot be examined unless it properly appears that all the testimony is included in the record. There is a recital at the beginning of the case-made that "the plaintiff, to maintain the issues on his part, offered his evidence and rested; and the defendants, in order to maintain the issues on their part, offered all their evidence and rested; all of which evidence is hereto attached." An inspection of the record, however, shows that, after the defendants had rested, testimony was offered by each in rebuttal, and still more on surrebuttal. There is no statement at the end of the testimony showing that the case-made contains all that was offered. There is in the record a certificate by the official stenographer that what precedes it is a full and correct transcript of the testimony in the case; but it is not within the province of the stenographer to determine whether a case-made contains all the evidence or not, or to settle the truthfulness of the statements included therein. (*Rld. Co. v. Grimes,* 38 Kas. 241.) We also find that there is considerable testimony in the record which follows the certificate of the stenographer. A statement is included in the certificate of the judge who settled the case, to the effect that the case contains all the evidence that was in-

troduced on the trial, but such a statement was improperly included in the certificate, and is ineffectual to accomplish the purposes intended. (*Eddy v. Weaver*, 37 Kas. 540; *Hill v. National Bank*, 42 id. 364.) The first recital in the case-made is to the effect that the case includes the evidence offered by each party before they rested — necessarily excludes that which was afterward introduced. This was evidently deemed to be insufficient by the plaintiff in error, as he attempted to supplement it by the certificate of the official stenographer, and later by another certificate of the judge. We conclude that the record fails to properly show that all the evidence is preserved, and hence, under the authorities cited, we cannot say that the verdict is without support.

The other objection is, that the court did not fully and correctly state the law in respect to transactions between attorney and client. It may be first remarked that no other or additional instructions were requested by the plaintiff. If the plaintiff desired fuller instructions given upon any question in the case, he should have asked the court for such instructions; and, failing in this, he has no cause to complain. (*The State v. Pfefferle*, 36 Kas. 90; *Phinney v. Bronson*, 43 id. 451.) The plaintiff objects to a single proposition in the charge that was given, but his objection is unavailing because no sufficient exception was taken. The only exception taken is found in one of the preliminary recitals in the case-made, and is as follows: "After both sides had rested their case, the court of his own motion proceeded to instruct the jury; a copy of said instruction is hereto attached; to which the plaintiff at the time excepted." The charge contains several propositions of law, only one of which is challenged; but instead of pointing out to the district court the objectionable proposition and excepting to the giving of the same, the plaintiff was content to take a general exception to the entire charge. This is insufficient, and brings up for review only the general scope and meaning of the charge. It is ineffectual to present the objection made by the plaintiff. (*Wheeler v. Joy*, 15 Kas.

390; *Hentig v. L. & T. Co.*, 28 id. 617; *The State v. Wilgus*, 32 id. 126.)

We find nothing in the record which warrants a reversal of the judgment. It may be proper to remark that the question who has the title to the property at present has not received any consideration.

The judgment of the district court will be affirmed.

All the Justices concurring.