### Pelton et al., Appellants, v. Bauer, Appellee.

1. PARTNERSHIP—FIRM LIABILITY.

If a firm purchases goods, and the member making the purchase gives his own notes for the price, the seller may disregard the notes and bring his action against the firm for the original consideration of the debt.

2. BILL OF EXCEPTIONS.

A bill of exceptions properly authenticated by the judge, and stating in terms that it contains all the evidence, is a prerequisite to a determination by the appellate tribunal of the sufficiency of the evidence to support the verdict and judgment.

*Appeal from the District Court of Rio Grande County.*

Mr. LEE CHAMPION, for appellants.

Mr. R. D. THOMPSON, and Mr. E. F. RICHARDSON, for appellee.

BISSELL, P. J., delivered the opinion of the court.

This action was brought by Bauer against Pelton and Halstead to recover the price of some horses and a buggy and harness and feed, alleged to have been sold to the defendants as copartners transacting business in the valley, under the firm name and style of the San Luis Valley, Illustrated. The sale and delivery and the copartnership were sufficiently alleged. No issue was taken on the sale and delivery of the materials except a special one, denying a sale to the copartnership. The answer denied the existence of the firm as such, and averred that the concern had no dealings whatever with the plaintiff or his assignor, from whom he acquired the right of action for the price of the buggy and the feed. The trial was entirely confined to proof of the circumstances under which the sales were made. The case was tried to a jury, and was submitted to them under instructions which stated

the law correctly concerning the proof necessary to establish
a copartnership, and what was essential in order to hold the
defendants liable as a firm. Some complaint is made con-
cerning the instructions, but the criticisms are not well
founded, and there is nothing in these statements of the law
by the court which would justify a reversal of the case.
There are some twenty-two assignments of error which are
all separately discussed, but which are based generally upon
the rules of law governing the right of copartners in non-
trading partnerships to issue commercial paper. It transpired
at the trial that the stuff was bought by Halstead, and that
he gave his own notes for the price; but the plaintiff disre-
garded the notes and brought suit against the firm for the
original consideration of the debt. His right to do this can-
not be questioned, providing it sufficiently appears that the
transaction was a firm one for which Pelton could be held
liable. In so far then as the argument concerns the legal
questions which spring from the execution of a note by one
member of a non-trading partnership, and the suit is brought
on the written promise against the firm, and the defense is a
want of authority, we may dismiss it from our consideration.
There is nothing in the case except the one question, whether
Pelton and Halstead were partners and the property was
bought on the firm credit, and under circumstances which
would make Pelton liable for the price.

There are two considerations which prevent us from re-
viewing this question or passing on the sufficiency of the tes-
timony to support the verdict. In the first place the case was
tried to a jury, submitted to them under proper instructions,
and the evidence which was received was competent for the
purposes for which it was offered, and when the jury ren-
dered the verdict against Pelton this court was concluded
thereby from any consideration of the questions of fact. It
is quite possible that some little evidence may have crept in
which would be open to criticism; but no such errors were
committed by the court in admitting it as would permit us
to disturb the judgment. Under our well settled practice

the verdict of a jury is always binding, unless we are able to discover, upon inspection of the record, that it has resulted from bias or prejudice, or we have from some other concededly good reason a right to disturb the verdict. The present case can be brought within none of the exceptions. The record as it comes to us is not in such shape as to permit any consideration of these matters, because, so far as we are advised, all the evidence taken on the trial below is not before the court. The parties have preserved no exception to the judgment, nor have they obtained from the trial judge a certificate that the bill of exceptions contains all the evidence received upon the trial. The certificate of the stenographer is of no value for the purposes of a certification, nor does it in terms state that the bill contains all the evidence. It is well understood by the profession that the certificate of the judge to this fact is a prerequisite to any determination by the appellate tribunal of the sufficiency of the evidence to support the verdict and judgment. So far as we are able to determine there might have been evidence introduced which would relieve any doubt we might entertain concerning it. However much we may be inclined to question the extent of the proof, and even though we might be well convinced that the verdict ought not to stand, we would not under these circumstances be at liberty to question it. These considerations dispose of the appeal, and render it entirely unnecessary to review or resolve the many matters suggested in the argument of counsel.

On the record presented the judgment cannot be successfully assailed, and it must accordingly be affirmed.

*Affirmed.*