T. S. MOFFETT *et al.* v. EUPHEMIA KITTIE BOYDSTUN.

No. 104.

1. ATTACHMENT—*Dissolution at Chambers.* A judge of the district court has power at chambers to discharge attached property from the lien of the attachment.

2. ———— *Surplusage in Motion to Discharge—Immaterial Evidence.* Where a motion is filed in an action by one not a party to the record asking for the discharge of the property attached in the action upon the ground that such party is the owner of the property, anything contained in said motion which relates to the merits of the original action must be treated as surplusage, and any evidence introduced at the hearing of such motion which relates to the merits of the original action is irrelevant and immaterial, and could not have prejudiced the judge in his final decision as to the ownership of the property.

MEMORANDUM.—Error from Harper district court; G. W. McKAY, judge. Action in attachment brought by T. S. Moffett and John Moffett, copartners as Moffett Bros., against Frank Boydstun. From an order sustaining the motion of Euphemia Kittie Boydstun to discharge the attachment plaintiffs bring the case to this court. Affirmed. The opinion herein, filed September 5, 1896, states the material facts.

*Washbon & Washbon, Geo. E. McMahon,* and *Sankey & Campbell,* for plaintiffs in error.

*J. P. Grove,* and *T. A. Noftzger,* for defendant in error.

The opinion of the court was delivered by

DENNISON, J.: The object of this petition in error is to reverse an order of the judge of the district court, made at chambers, discharging the property from an attachment levied in the case of Moffett *et al. v.* Frank Boydstun. This defendant in error filed a motion in said action asking for the discharge of the property levied upon under said attachment, claiming that the said property belonged to her. This motion was heard by the judge of the district court at chambers, and was by him sustained and the attached property discharged.

The petition in error alleges four grounds for a reversal, as follows:

"1. That the said judge erred in assuming jurisdiction at chambers to try the issues raised and presented by defendant in error's motion.

"2. That the court erred in admitting incompetent and improper testimony, over the objections and exceptions of plaintiffs in error.

"3. That the said judge erred in assuming to try the merits of the main action between these plaintiffs and the defendant, Frank Boydstun, upon the hearing of the motion filed by defendant in error to discharge the attached property.

"4. Said judge erred in overruling plaintiffs' motion for a new trial in said action."

The judge did not err in assuming jurisdiction at chambers to try the issues raised upon a motion to discharge the attached property from the lien of the attachment and to order it returned to its owner. "A

judge of the district court has power, at chambers, to discharge an attachment." (*Shedd v. McConnell*, 18 Kan. 594, and cases there cited.)

The second and third specifications of error may be considered together. The motion filed by this defendant in error reads as follows:

"Comes now Mrs. Euphemia Kittie Boydstun and respectfully represents to the court, and moves the court as hereinafter set forth: That the defendant in the above-entitled action is her husband; that the 23 head of cattle attached as the property of the defendant in the above-entitled action are not, and never were, the property of said defendant, but are and have been for about two years last past the property of and in the possession of her, the said Euphemia Kittie Boydstun, all of which she is ready to make appear. She says further, that at the time the same were attached the said plaintiffs and the sheriff of Harper county, Kansas, well knew that the same were the sole and individual property of her, the said Kittie Boydstun. Further, she denies that her husband, Frank Boydstun, is, or was at the time of the commencement of this action against him, indebted to the plaintiffs in any sum whatever; and especially denies the material allegations of plaintiffs' petition. She says that her said 23 head of cattle (being the same cattle attached in this suit, as shown by the return of the sheriff of said county on the attachment order, reference to which is hereby made for a more particular description thereof) are unlawfully detained from her, to her great damage; and she prays the court on the hearing to make an order directing and commanding the said sheriff to restore and deliver the said cattle to her, and for her proper costs against the plaintiffs."

This motion, to say the least, is very inartistically drawn. It seems to be intended, and has been treated by both sides and by the court, as a motion to discharge the property from the lien of the attachment,

It alleges that the defendant in the action is her husband, and that the cattle attached are not his, but belong to her, and that the plaintiffs and the sheriff knew that they were her property. She also says that the cattle are wrongfully detained from her, and asks for an order restoring the same to her and for costs. Anything which is contained in the motion other than these allegations must be treated as surplusage. Certainly nothing relating to the merits of the issues raised by the orignal pleadings could be heard by the judge at chambers, or upon a motion to discharge an attachment filed by one not a party to the original action.

The real question to be determined by the judge was the ownership of the cattle attached. This is the only issue which was decided by the judge. The order was to the sheriff to restore and deliver the attached property to the said Euphemia Kittie Boydstun. Any evidence introduced which related to the merits of the main action between these plaintiffs in error and Frank Boydstun did not relate to the issue decided. It was irrelevant and immaterial and could not have prejudiced the judge in his final decision as to the ownership of the cattle. The substantial rights of these plaintiffs in error were not prejudiced thereby.

"Where irrelevant and immaterial evidence is introduced on the trial, but it appears that the adverse party's rights were not prejudiced thereby, *held*, not material error." (*B. K. & S. W. Rld. Co. v. Grimes*, 38 Kan. 241.)

The order of the judge of the district court discharging the attached property is affirmed.

All the Judges concurring.