BOARD OF COMMISSIONERS OF WASHITA COUNTY v. F.
M. HUBBLE.

(Filed Feb. 11, 1899.)

1. APPEAL—*Error Never Presumed.* Error is never presumed by the
supreme court; it must always be shown affirmatively by the
record, or it will be presumed that no prejudicial error was com-
mitted by the trial court, and the judgment must be sustained.

2. REVIEW—*Case-Made Must Contain Entire Record.* Before this court
will consider the record and review the evidence, based upon the
ground that the findings of the court and judgment thereon are
contrary to the evidence, or are not sustained by sufficient evidence,
it must affirmatively appear in the case-made itself that it con-
tains all the evidence; and a mere statement of recital to that
effect in the certificate of the trial judge is not sufficient.

(Syllabus by the Court.)

*Error from the District Court of Canad`an County; before
John C. Tarsney, District Judge.*

*John F. Stone,* for plaintiff in error.

*C. O. Blake* and *E. E. Blake,* for defendant in error.

Action by F. M. Hubble against the board of county
commissioners of Washita county. Judgment for plain-
tiff. Defendant brings error. Affirmed.

Opinion of the court by

HAINER, J.:    This was an action brought by F. M.
Hubble, plaintiff in the court below, against the board
of county commissioners of Washita county, to recover
the sum of $5,100, as the owner and holder of a num-
ber of county warrants issued by said county, in favor

of various parties, and afterwards purchased by the plaintiff. The defendant in its answer to the plaintiff's petition pleaded as a defense to said action that the warrants sued upon were void, for the reason that the board of county commissioners had no authority to incur the indebtedness for which the warrants sued on were issued; and that all the warrants sued upon in said action were void, for the reason that they created an indebtedness in excess of 4 per cent. of the last assessment for territorial and county taxes previous to the creation of such indebtedness, and in violation of section 4 of the act of congress approved July 30, 1886. To this answer, the plaintiff filed a general denial. Upon these issues, the court, after hearing all of the evidence, rendered a judgment in favor of the plaintiff and against the defendant for the sum of $2,757.36, together with the costs of the action. To which judgment of the court, the defendant duly excepted. Thereupon the defendant was by the court, permitted to file its motion for a new trial, and said motion, being by the court considered, was overruled. To which the defendant at the time excepted, and brings the case here on what purports to be a case-made, to be reviewed by this court.

The defendant in error objects to the consideration of this case, for the reason that the case-made is not sufficient to enable this court to review the questions raised by the plaintiff in error. We have carefully examined the record and think that the objections are well taken. The plaintiff in error has assigned eleven errors upon which it is sought to reverse the judgment of the court below. These errors may be considered

upon two grounds, namely: (1) That the decision of the court is not sustained by the evidence, or is contrary to the evidence and agreed statement of facts; (2) that the decision of the court is contrary to law. The following statement or recital appears in the record: "Whereupon this cause comes on for trial and to the court upon the evidence of the plaintiff filed in said case to wit: The warrants declared upon by the copies which are set forth in the plaintiff's petition, which is made a part of this case, and upon the stipulation and evidence, with the exhibits thereto hereinafter set forth, and said cause was, pursuant to said stipulation, taken upon a change of venue to the district court of Canadian county." The stipulation provides that, when the cause is submitted to the court, it should "be submitted upon this stipulation and the evidence filed herewith." There is nothing in the case-made that shows that any evidence was introduced or filed with the stipulation. The stipulation also states that it is agreed "that a transcript of the register of warrants issued by the county prior to the 12th day of July, 1894, to show the amount of the warrants prior to the date of the obligations declared upon, and the nature of the claims for which the warrants were issued, shall be filed herewith." There is no statement or recital in the case-made that shows that such transcript was offered in evidence or considered by the court. This stipulation further provides: "A list of the warrants, paid or canceled prior to the 12th day of July, 1894, shall be taken from the warrant register of the treasurer of said county, be certified by the treasurer, and filed herewith as evidence of the time and manner of the payment."

The case-made also fails to show that any such list was filed, or that such was introduced in evidence or considered by the court. Following the stipulation appears to be a large number of papers, covering probably twenty-five or thirty pages, which contain a list of the warrants issued to various parties. The number will probably aggregate seven or eight hundred. This list or schedule of warrants it not identified in any manner. It does not contain the certificate of the county treasurer, or the county clerk, or any other county officer. It does not appear to have been filed in this case, or offered in evidence. The case-made fails to show that it was ever passed upon or considered by the court. Following this document, there appear to be two other papers inserted in the record, which are not identified in the case in any manner.

The findings and judgment of the court, as they appear from the journal entry, are as folows: "That the court, having heard the argument of counsel, and considered the evidence and pleadings and agreed statement of facts herein, finds for the plaintiff; and it is by the court considered, ordered, and adjudged that the plaintiff have and recover of, and from, said defendant the sum of $2,757.36, together with costs herein expended, taxed at —— dollars." This, then, was the general finding of the court upon the issues involved in this case; and it does not appear either from the journal entry or from the case-made what warrants were held valid, and what warrants were held invalid by the court. This was an action brought upon a large number of warrants, involving $5,100, issued at various times and to various persons. Counsel for plaintiff in error fails to call the attention of the court to any particular portion of the evi-

·dence which he desires to have reviewed, or to any portion of the evidence or the record which fails to sustain the general findings and judgment of the court below.

It is a well settled principle of law, and requires no citation of authorities, that error is never presumed by an appellate court; it must always be affirmatively shown by the record, or it will be presumed that no prejudicial error was committed by the trial court, and the judgment must be sustained. Upon the issues framed in this ·case and the questions involved herein, which the plaintiff in error desires to have reviewed in this court, an examination is required of all the evidence offered in support of the issues in the trial of the cause. And before this court will consider the record, and review the evidence based upon the ground that the findings of the court and the judgment thereon are contrary to the evidence, or are not sustained by sufficient evidence, it must affirmatively appear in the case-made itself that it contains all the evidence; and a mere statement or recital to that effect in the certificate of the trial judge is not sufficient. (*Grand Lodge v. Furman*, 6 Okla. 649, 52 Pac. 932; *Sanford v. Weeks*, 50 Kan. 336, 31 Pac. 1087; *Eddy v. Weaver*, 37 Kan. 540, 15 Pac. 492; *Brown v. Johnson*, 14 Kan. 377; *Bartlett v. Feeney*, 11 Kan. 593; *Wilson v. Willey*, [Kan. App.] 42 Pac. 1092; *North Side Town Co. v. Rittenhouse*, [Kan. Sup.] 30 Pac. 181; *Hill v. Bank*, [Kan. Sup.] 22 Pac. 325; *Tootle v. Turner*, [Kan. App.] 54 Pac. 1036.)

For the reasons herein stated, the judgment of the district court must be, and the same is hereby, affirmed.

Tarsney, J., having presided in the court below, not sitting; all of the other Justices concurring.