## GEORGE G. FRAME v. ROLAND A. RYEL.

(Filed September 3, 1904.)

REVIEW—Case Made Must Contain Entire Record, When. Unless a case made contains a recitation to the effect that all of the evidence taken upon a trial is included therein, this court will not consider any assignment of error which necessitates a review or consideration of such evidence.

(Syllabus by the Court.)

*Error from the District Court of Payne County; before Jno. H. Burford, Trial Judge.*

*F. C. Hunt,* for plaintiff in error.

*R. A. Lowry* and *Geo. P. Uhl,* for defendant in error.

Opinion of the court by

BURWELL, J.:   A controversy arose between the plaintiff and defendant as to the location of the line separating their farms, and this action was brought for the purpose of settling that controversy.   A trial was had, and judgment was rendered for the plaintiff.   The defendant appeals to this court, praying a reversal of such judgment.   The appellant has presented a number of citations of error, each of which requires an examination of the evidence taken upon the trial; and it is contended by the appellee that none of these specifications of error can be considered, because there

is no statement in the case made to the effect that it contains all of the evidence taken upon the trial. A portion of the case made purports to be a transcript of the proceedings on the trial, at the end of which appears the certificate of the stenographer as follows:

"Territory of Oklahoma, Logan county, ss. I, Thomas A. Higgins, do hereby certify that the within and forego-ing transcript is a true, full and complete record of all of the evidence introduced upon the trial of the above cause.

"Witness my hand this 16th day of June, 1903. Thom-as A. Higgins, Court Reporter."

This is the only statement in the case made to the effect that it contains all of the evidence, except the ordinary reci-tation in the certificate of the judge who settled the same. It is the well established rule of practice in this court that where an appellant seeks to have the evidence reviewed, his case made, independent of the certificate of the judge, must contain a positive recitation that all of the evidence taken upon the trial is included therein, and the attachment of the court stenographer's certificate to the purported trans-cript and certificate within the case made, is not a compli-ance with the law.

It is provided by section 1586, Statutes of Oklahoma of 1893, that a transcript of the stenographic notes of the court reporter, duly certified to by him, "may be incorporated in any bill of exceptions by unmistakable reference thereto, and may be duly inserted therein." But this section, as will be observed, limits the effectiveness of the stenographic certificate to bills of exceptions alone, and gives to such cer-tificate no effect when attached to a transcript inserted in a case made.

A case made is prepared by the appellant, and the law requires, where he desires to have the evidence reviewed, a solemn statement that it contains all of the evidence, and as no such recitation appears in the record presented to this court, except as stated herein, none of the assignments of error will be considered, and the appeal will be dismissed, at the cost of appellant. *Board of County Commissioners, Washita County v. Hubbel,* 8 Okla. 169, and cases therein cited.

Burford, C. J., who presided in the court below, not sitting, all the other Justices concurring.