S. C. CROSSLEY AND J. ALLEN PERISHO, v. A. C. COUCH.

(Filed September 6, 1905.)

APPEAL—Case Made—Evidence. Where a case made contains no re-citation to the effect that all of the evidence submitted upon the trial is included therein, this court will not consider any question which requires for its determination a consideration of such evidence.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before B. F. Burwell, Trial Judge.*

*Grant Stanley,* for plaintiff in error.

*Ledru Guthrie,* for defendant in error.

Opinion of the court by

BURFORD, C. J.:    The defendant in error, A. C. Couch, filed his petition with the board of county commissioners of Oklahoma county, praying for a license to sell intoxicating liquors in the town of Luther, in said county. The plaintiffs in error remonstrated against the granting of such license. The case was tried before the board, and a large number of witnesses were examined orally, and their testimony reduced to writing. The board made an order granting the license, from which the remonstrants appealed to the district court. The cause was there heard upon the record, and the court affirmed the order of the county board, and directed the license to issue. From the judgment of the district court the remonstrants appealed to this court.

The contention of plaintiff in error is that the evidence establishes several of the grounds of protest set forth in the

remonstrance. The correctness of this contention can only be determined by an examination of the entire evidence introduced before the board of county commissioners. The record here comes up by case-made. There is no recital or statement in the case that it contains all the evidence submitted on the hearing of the cause. In the absence of such recital this court will not consider the weight of the evidence or undertake to determine any questions of fact dependent upon the evidence.

The transcript has attached to it a certificate of the stenographer who reduced it to writing, that it is the evidence taken on the trial, but this certificate cannot supply the place of a requirement that the case must show affirmatively that it contains all the evidence. (*B. K. & S. W. Ry. Co. v. Grimes,* 38 Kan. 241, 16 Pac. 472; *Ryan v. Madden,* 26 Pac. 680; *Pelton v. Bauer,* 35 Pac. 918; *Eddy v. Weaver,* 32 Kan. 540; *Hill v. Bank,* 42 Kan. 364.)

In the case of *Ryel v. Frame,* 14 Okla. 536, this court speaking by Justice Burwell, said. "A case-made is prepared by the appellant, and the law requires where he desires to have the evidence reviewed, a solemn statement that it contains all of the evidence; and as no such recitation appears in the record presented to this court, except as stated herein, none of the assignments of error will be considered, and the appeal will be dismissed at the cost of appellant." Citing *Board of Washita County v. Hubbell,* 8 Okla. , 169 and cases therein cited. These cases are conclusive and controlling in the case under consideration.

The cause is dismissed, at costs of appellant.

Burwell, J., who presided in the court below, not sitting; all the other Justices concurring.