THE SAWYER AND AUSTIN LUMBER COMPANY V. THE CHAM-
PLAIN LUMBER COMPANY, *a corporation.*

(Filed September 7, 1905.)

1. **PLEADING—Petition—Account—Answer.** A petition upon a veri-
fied account which contains no allegation of correctness of such ac-
count, is not sufficient to require the answer to be verified.

2. **SAME—Verification.** An answer which does not question the cor-
rectness of a verified account as set forth in the petition, but which
sets up an affirmative defense, is not required to be verified. It is
only the correctness of a duly verified account that an unverified
answer admits.

3. **APPEAL—Case Made—Evidence not Reviewed, When.** Where the
case made does not contain a recital to the effect that the record
contains all the evidence introduced on the trial of the cause, this
court will not review any question which requires an examination
of all the evidence in order for its correct determination.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before
J. L. Pancoast, Trial Judge.*

*Moore & Moore,* for plaintiff in error.

*C. H. Parker,* for defendant in error.

### STATEMENT OF FACTS.

On the 10th day of February, 1903, The Sawyer and
Austin Lumber Company, a foreign corporation, commenced
its action in the district court of Garfield county against the
Champlain Lumber Company, a domestic corporation, to re-
cover a balance of $1293.92 claimed on account for lumber

sold and delivered by the plaintiff to the defendant. A statement of the account sued on was attached to the petition, and to the account was attached an affidavit of the bookkeeper of the plaintiff corporation, the material averments of which are as follows:

"That the invoices hereto attached show shipments of Lumber and material, as therein set out, by said Sawyer & Austin Lumber Company to the said Champlain Lumber Company; that there is now due the said Sawyer Lumber Company from said Champlain Lumber Company after allowing all just credits and setoffs, the sum of $1293.92 as shown by the books and accounts of the said Sawyer and Austin Lumber Company, as this affiant is informed and verily and truly believes."

To the petition the defendant filed an answer setting up three defenses, consisting: First, of a general denial; second; non-compliance with the law regulating foreign corporations doing business in the Territory; and third, counter-claim for damages arising out of alleged failure to comply with the contract to deliver an additional order for lumber. The plaintiff demurred to the answer, which was overruled, and exceptions saved. The cause was tried to the court, and finding made and judgment rendered in favor of the plaintiff for the sum of $374.45, the difference between the sum sued for by plaintiff and the amount of damages allowed defendant on its cross-petition. The plaintiff appealed.

Opinion of the court by

BURFORD, C. J.: But two alleged errors are presented in the brief of plaintiff in error. It is first contended that the court erred in overruling the demurrer to the answer, for the reason that the petition was upon a verified account, and the

answer not being verified was insufficient.    Section 4312,
Wilson's Statutes 1903, sec. 114 civil code, provides:

"In all actions, allegations * * * of the correctness of
any account duly verified by the affidavit of the party, his
agent or attorney, shall be taken as true unless the denial of
the same be verified by the affidavit of the party, his agent,
or attorney."

We have examined the petition carefully, and we fail to
find any allegation of the correctness of the verified account.
nor does the affiant in the verification state that the itemized
account is true and correct.    Both the petition and verification
failed to bring the plaintiff within the rule contended for.
There was no error in overruling the demurrer for another
reason.    The defendant in his answer admitted the correct-
ness of the account sued on by plaintiff, and set up by way of
counter claim a demand for damages.    This answer was not
required to be verified.    Where the correctness of a verified
account is not questioned, but some affirmative defense is
pleaded, no verification to the answer is required.    *Johnson
et al. v. Johnson,* 24 Pac. 1098; *Pattie v. Wilson,* 25 Kan.
329; *Washington v. Hobart,* 17 Kan. 277.

The next contention is that the evidence is insufficient to
support the finding on the cross petition,—that it does not
show that the plaintiff ever entered into any contract to dupli-
cate the defendant's order for lumber, and hence no damages
could be allowed for breach of such alleged agreement.

This question requires an examination of the evidence.
The case purports to contain the evidence, but the record con-
tains no recital or other statement that it contains all the
evidence, introduced in the trial of the cause.    There is a cer-
tificate of counsel that the case contains all the evidence,

also a certificate of the stenographer that his transcript contains all the evidence, but neither of these certificates are authorized or recognized. The case itself must contain the positive averment by way of recital that it does contain all the evidence submitted or introduced on the trial of the cause, and in the absence of such recital this court will not review any question depending upon the facts for its determination. This question has been repeatedly decided. *Frame v. Ryel,* 14 Okla. 536; *Board of Washila County v. Hubble,* 8 Okla. 169; *B. K. & S. W. Ry. Co. v. Grimes,* 36 Kan. 241; *Ryen v. Madden,* 26 Pac. 680; *Pelton v. Bauer,* 35 Pac. 918; *Eddy v. Weaver,* 32 Kan. 540; *Hill v. Bank,* 42 Kan. 364.

We find no reversible error in the record. The judgment of the district court of Garfield county is affirmed, at the costs of the plaintiff in error.

Pancoast, J., who presided in the court below, not sitting; Burwell, J., who ruled on the demurrer, not sitting; all the other Justices concurring.