## C. A. CROCKER, v. L. E. SHAMLEFFER, *as County Treasurer of Grant County.*

(Filed February 15, 1907.)

1. CASE MADE—Must Contain, What. Where the case made fails to contain a recital that all the evidence taken upon the trial is contained therein, this court will not consider any assignment of error which necessitates a review or a consideration of the evidence.

2. TAXATION—Authorized, When. The resolution, the notice, and the ordinances were sufficient to authorize the curbing and guttering of the street, and to uphold the validity of the special tax.

(Syllabus by the Court.)

*Error from the District Court of Grant County; before James K. Beauchamp, Trial Judge*

*C. S. Ingersoll* and *Sam P. Ridings,* for plaintiff in error.

*Mackey & Mackey,* for defendant in error.

Opinion of the court by

HAINER, J.:  This was an action brought in the district court of Grant county by C. A. Crocker, plaintiff in error, against L. E. Shamleffer, as treasurer of Grant county, which had for its object the enjoining of the county treasurer from selling lot 9, in block 26, in the city of Pond Creek, which had been advertised for sale by the county treasurer, for the non-payment of a special tax levied against said lot

for curbing and guttering the street, on which said lot abutted, by the municipal authorities of said city. In the absence of the district judge, the probate judge granted a temporary injunction. Subsequently, the cause was submitted to the district court upon the pleadings, evidence, and agreed statement of facts, and the temporary injunction was dissolved. The plaintiff appeals.

- The question presented by the record involves a consideration of all the evidence in the case, and it appears that there is no recital in the case made that it contains all the evidence taken upon the trial of the cause. This court has repeatedly held that where the record does not contain a recital that it contains all the evidence presented at the hearing in the trial court, it presents no error arising upon the evidence that can be reviewed by this court; and the defendant in ·error therefore contends that this court cannot review the questions presented. This contention is well taken. *Exendine v. Goldstine,* 14 Okla. 100; *Frame v. Ryel,* 14 Okla. 536; *Board of Commissioners Washita Co. v. Hubble,* 8 Okla. 169; *Garretson v. Witherspoon,* 83 Pac. 415. Notwithstanding the absence of such recital in the case made, we have examined the entire record, and, in our opinion, the resolution of the city council, the notice which was published for four consecutive weeks in the official city paper, the ordinance authorizing the curbing and guttering of the streets, which was approved by the mayor on July 21, 1903, and, after the completion of the work, the ordinance levying the special tax to pay for the same, were sufficient to authorize the construction of the public work in question, and to uphold the validity of the tax assessed in pursuance thereof. And,

again, the record discloses that the resolution of the city council was published for the full period required by the statute, and that no protest was filed by the plaintiff or any other tax payer against the proposed work.

There is no equity or merit in the contention of the plaintiff in error and the temporary injunction granted by the probate judge in the absence of the district judge was rightfully dissolved. The judgment of the court below is affirmed.

All the Justices concurring.