WAGNER v. SATTLEY MFG. CO.

No. 2176, Okla. T. ,Opinion Filed January 13, 1909.

(99 Pac. 643.)

**APPEAL AND ERROR—Insufficient Record—Review of Evidence.**
Where the record upon appeal does not show that it contains all
the evidence presented at the trial, it presents no error that can
be reviewed by this court. when such assignment requires an
examination of the evidence.

(Syllabus by the Court.)

*Error from District Court, Kingfisher County; C. F. Irwin, Judge.*

Action by the Sattley Manufacturing Company against C. L.
Wagner. Judgment for plaintiff, and defendant brings error.
Affirmed.

*P. S. Nagle,* for plaintiff in error.
*F. L. Boynton,* for defendant in error.

HAYES, J. This is an action upon a promissory note brought
by defendant in error, payee, against plaintiff in error, the maker
of the note. Plaintiff in error admitted by his answer the exe-
cution of the note, but alleged want of consideration. After the
introduction of the evidence, the court sustained a demurrer to the
evidence of plaintiff in error and instructed the jury to return a
verdict, and upon such verdict rendered judgment in favor of de-
fendant in error.

The only assignment of error which is relied upon in plain-
tiff in error's brief for a reversal of this case is the action of the
court in sustaining the demurrer to his evidence and directing the
jury to return a verdict against him. A consideration of this as-
signment of error would require us to examine the evidence, but
the case-made contains no averment or recital that it contains all
the evidence submitted or introduced on the trial of the case.
This fact is called to the attention of the court by brief of defend-
ant in error which has been filed for over a year. No reply to

the brief has been made, and no request for permission to correct the case-made has been made. This court cannot therefore review the assignment of error urged. *Erendine v. Goldstein,* 14 Okla. 100, 77 Pac. 45; *Sawyer & Austin Lbr. Co. v Champlin Lbr. Co.,* 16 Okla. 90, 84 Pac. 1093; *Martin v. Gassert,* 17 Okla. 177, 87 Pac. 586; *Schriber v. Buckner,* 18 Okla. 208, 90 Pac. 10. The record contains a certificate of the stenographer in which he certifies that the evidence contained in the case-made is a correct and complete transcript of all his shorthand notes of all the evidence introduced or offered on the trial; but this certificate of the stenographer is unauthorized and cannot be permitted to supply the requirements of the rule that the case-made must contain a specific averment that the record contains all the evidence introduced on the trial. Mr. Chief Justice Burford, in *Sawyer & Austin Lbr. Co. v. Champlin Lbr. Co., supra,* in discussing this proposition, said:

"The case-made purports to contain the evidence, but the record contains no recital or other statement that it contains all the evidence introduced in the trial of the cause. There is a certificate of counsel that the case contains all the evidence, also a certificate of the stenographer that his transcript contains all the evidence; but neither of these certificates are authorized or recognized. The case-made itself must contain the positive averment by way of recital that it does contain all the evidence submitted or introduced on the trial of the cause, and in the absence of such recital this court will not review any question depending upon the facts for its determination."

Since there is no error of the trial court presented that can be reviewed by this court, the judgment of the lower court is affirmed.

All the Justices concur.