## TOOTLE, WHEELER & MOTTER MERCANTILE CO. v. FLOYD.

No. 531.   Opinion Filed September 13, 1910.

Rehearing Denied March 21, 1911.

(114 Pac. 259.)

1.   **APPEAL AND ERROR**—Review—Evidence—Recital in Case-Made. In the absence of a recital in the case-made that it contains all the evidence submitted or introduced on the trial, this court will not review any question depending upon the facts for its determination.

2.   **LANDLORD AND TENANT**—Action for Rent—Attachment—Grounds. The order of attachment authorized to be issued by section 3846, Wilson's Rev. & Ann. St. 1903, upon the grounds therein named to enforce the collection of rents, is not limited to rents accruing on farm lands, and, when any of the grounds specified in the section exists, an order of attachment as therein provided may issue at the instance of the landlord to enforce the payment of rent on a store building.

*Error from Osage County Court; C. T. Bennett, Judge.*

Action by F. M. Floyd against the Tootle, Wheeler & Motter Mercantile Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Defendant in error originally brought this action against plaintiff in error in a justice of the peace court to recover the sum of $150 as rents on his certain building situated in the city of Pawhuska for the month of April, 1908, and for attachment against

plaintiff in error's property to enforce the judgment. From a judgment in the justice of the peace court in favor of defendant in error for the amount sued for, and sustaining the attachment, appeal was taken to the county court where recovery was had as in the justice of the peace court; and it is to reverse the judgment of the county court that this proceeding is prosecuted.

*Grinstead & Mason,* for plaintiff in error.

*J. M. Worten,* for defendant in error.

HAYES, J. (after stating the facts as above). Several assignments of error have been presented, but they, in effect, present but two contentions for reversal, the first of which is that the evidence is insufficient to support the personal judgment against plaintiff in error. This contention cannot be considered. The case-made does not contain a positive averment by way of recital that it contains all the evidence submitted or introduced on the trial of the cause. In the absence of such recital in the case-made, this court will not review any question depending upon the facts for its determination. *Wagner v. Sattley Mfg. Co.,* 23 Okla. 52, 99 Pac. 643. Such omission in the case-made cannot be supplied by the certificate of the trial judge. *Martin et al. v. Gassett,* 17 Okla. 177, 87 Pac. 586.

The second contention is that the attachment was issued without authority of law. Section 3343, Wilson's Rev. & Ann. St. 1903, provides:

"Any rent due for farming land shall be a lien on the crop growing or made on the premises. Such lien may be enforced by action and attachment therein, as hereinafter provided."

Section 3346, *Id.,* provides:

"When any person who shall be liable to pay rent (whether the same be due or not, if it be due within one year thereafter, and whether the same be payable in money or other things), intends to remove, or is removing or has, within thirty days, removed his property or the crops, or any part thereof, from the leased premises, the person to whom the rent is owing may commence an action in the court having jurisdiction; and upon making an affidavit stating the amount of rent for which such person is liable,

and one or more of the above facts, and executing an undertaking as in other cases, an attachment shall issue in the same manner and with the like effect as is provided by law in other actions."

It is under the foregoing section that the attachment in this action was issued. Plaintiff in error contends that said section authorizes attachment to enforce the payment of rent only against persons who are liable for rent on farming lands; in other words, that said section prescribes a procedure for the enforcement of the lien created by section 3343, *supra*. We think this contention is without merit. The persons against whom the statute authorizes the attachment proceeding to be brought are not limited by the language of the statute to those who are liable for rent on farm lands, but applies to any person who shall be liable to pay rent, and who is removing or intends to remove his property or his crops or any part thereof from the leased premises. Not only the removal of crops of the tenant, but the removal of any part of his property from the leased premises, authorizes the issuance of the attachment. The lien created by section 3343 does not apply to the property of the tenant other than the crops on the leased premises. If it was intended that the attachment provided for should apply only to the enforcement of the lien against the crops, why was the removal of any of the tenant's property other than the crops made a ground for such attachment? And again, when the attachment is issued it is to be issued in the same manner, and has the same effect, as provided by law in other actions. Attachments provided for under the general statutes on attachment require the sheriff to attach any property of the defendant not exempt from law from being applied to the payment of plaintiff's claim, or so much thereof as will satisfy his claim. Section 4368, *Id.* Said section 3346, *supra*, does not therefore limit the levy of attachment to the property upon which the lien is created by section 3343, but authorizes a levy upon any property of the tenant not exempt. Section 3347, *Id.*, provides for the enforcement of the lien created by section 3343 on crops for rent that is due. That the attachment authorized by that section was intended only

as a procedure for the enforcement of the lien is made clear by the provision of the section which provides that the order of attachment issued thereunder shall be levied on the crops, or so much thereof as may be necessary to satisfy the plaintiff's claim. This limitation is nowhere to be found in section 3346, and we think that the intention of the said section to give landlords a remedy to enforce the payment of rents due or that will be due them within one year, when the tenant is removing or is about to remove his property from the premises, is so clear from the plain and explicit language of the section as to render a construction thereof unnecessary.

The judgment of the trial court is affirmed.

All the Justices concur.