## GAFFNEY v. STANARD et al.

No. 1256.  Opinion Filed March 12, 1912.

(122 Pac. 510.)

1. **NEW TRIAL**—Proceedings to Procure—Time for Motion.  The failure to file a motion for a new trial within three days from the rendition of the verdict or decision, or within the term at which the same was rendered, may be excused by showing that the party was unavoidably prevented from so doing.

2. **APPEAL AND ERROR**—Record—Case-Made.  Where the case-made does not contain a recital to the effect that the record contains all the evidence introduced on the trial of the cause, this court will not review any question which requires an examination of all the evidence in order for its correct determination.

(a) A certificate of counsel that the case-made contains all the evidence, being unauthorized by law, is insufficient.

(Syllabus by the Court.)

*Error from District Court, Cleveland County;*
*R. McMillan, Judge.*

Action between R. A. Gaffney and E. C. Stanard and others. From the judgment, Gaffney brings error.  Affirmed.

*H. C. Brownlee,* for plaintiff in error.

*Ben F. Williams* and *Stanard, Wahl & Ennis,* for defendants in error.

WILLIAMS, J.  As to the contention of the defendants in error that the motion for a new trial by plaintiff in error was not

filed in time, the facts, as certified by the trial judge, seem to bring it within the rule announced by this court in *Riley v. Robertson*, 29 Okla. 181, 115 Pac. 877, wherein it was held that "the failure to file a motion for a new trial within three days from the rendition of the verdict or decision, or within the term at which the same was rendered, may be excused by showing that the party was unavoidably prevented from so doing."

In order to consider the questions sought to be reviewed by the plaintiff in error, it is essential to examine the evidence heard by the trial judge. The defendants in error in their brief, however, contend that the evidence cannot be considered by this court, as the case-made does not contain a positive averment by way of recital that it contains all of the evidence introduced or submitted on the trial of the cause. Where such a recital in the case-made is lacking, it has been time and again held by this court that it will not review any question depending upon the facts for its determination. *Tootle, Wheeler & Motter Mercantile Co. v. Floyd,* 28 Okla. 308, 114 Pac. 259; *Wagner v. Sattley Mfg. Co.,* 23 Okla. 52, 99 Pac. 643; *Board of Commissioners of D. County v. Wright,* 8 Okla. 190, 57 Pac. 203. The attorney for plaintiff in error in the record certifies that the case-made "contains a full, true, correct, and complete copy and transcript of all the proceedings had, and all the evidence offered or introduced by both parties, all orders and rulings made and exceptions allowed, and all the record upon which the judgment and journal entry in said cause were made and entered, and that the same is a full, true, correct, and complete case-made."

In *Sawyer & Austin Lumber Co. v. Champlain Lumber Company,* 16 Okla. 90, 84 Pac. 1093, it is said:

"This question requires an examination of the evidence. The case purports to contain the evidence, but the record contains no recital or other statement that it contains all the evidence introduced in the trial of the cause. There is a certificate of counsel that the case contains all the evidence, also a certificate of the stenographer that his transcript contains all the evidence; but neither of these certificates are authorized or recognized. The case itself must contain the positive averment by way of recital that it does contain all the evidence submitted or introduced on

the trial of the case, and, in the absence of such recital, this court will not review any question depending upon the facts for its determination. This question has been repeatedly decided. *Frame v. Ryel*, 14 Okla. 536 [79 Pac. 97]; *Board of Washita County v. Hubble*, 8 Okla. 169 [56 Pac. 1085]; *B., K. & S. W. Ry. Co. v. Grimes*, 38 Kan. 241 [16 Pac. 472]; *Ryan v. Madden* [46 Kan. 245], 26 Pac. 680; *Pelton v. Bauer* [4 Colo. App. 339], 35 Pac. 918; *Eddy v. Weaver*, 37 Kan. 540 [15 ·Pac. 492]; *Hill v. Bank*, 42 Kan. 364. [22 Pac. 324]."

This defect in the case-made is called to the attention of the court by the brief of defendants in error. Counsel for plaintiff in error have replied to this brief, insisting that the certificate of counsel is sufficient, but making no request for permission to correct the case-made.

No error appearing upon the record, the judgment of the lower court must be affirmed.

All the Justices concur.