BAILEY v. LINDSEY, *County Treasurer.*

No. 2437.   Opinion Filed January 7, 1913.

Rehearing Denied February 11, 1913.

(130 Pac. 279.)

**APPEAL AND ERROR—Case-Made—Review of Evidence.** Where the case-made does not contain a recital to the effect that the record contains all the evidence introduced on the trial of the cause, this court will not review any question which requires an examination of all the evidence in order for its correct determination. **Gaffney v. Stanard et al.,** 31 Okla. 541, 122 Pac. 510.

(Syllabus by Robertson, C.)

*Error from District Court, Murray County;*
*R. McMillan, Judge.*

Action by J. E. Bailey against J. C. Lindsey, County Treasurer, to enjoin collection of taxes. Judgment for defendant, and plaintiff brings error. Affirmed.

*Emanuel & Broadbent* and *Cottingham & Bledsoe,* for plaintiff in error.

*Charles West,* Atty. Gen., and *W. C. Reeves,* Asst. Atty. Gen., for defendant in error.

Opinion by ROBERTSON, C. The Attorney General, in his brief, objects to the consideration of this appeal, for the reason that the case-made does not contain an averment, by way of recital or otherwise, that it contains all the evidence submitted or introduced in the trial of the cause, and that a consideration of each of the errors assigned in the petition in error would require the review of the evidence introduced upon the trial, and that, under the rules and decisions of this court, the petition in error must be dismissed and the judgment of the trial court affirmed. We find that this identical question was up for consideration in *Gaffney v. Stanard et al.,* 31 Okla. 541, 122 Pac. 510, where, in an opinion by Williams, J., the court says:

"In order to consider the questions sought to be reviewed by the plaintiff in error, it is essential to examine the evidence heard by the trial judge. The defendants in error, in their brief, however, contend that the evidence cannot be considered by this court, as the case-made does not contain a positive averment, by way of recital, that it contains all of the evidence introduced or submitted on the trial of the cause. Where such a recital in the case-made is lacking, it has been time and again held by this court that it will not review any question depending upon the facts for its determination. *Tootle, Wheeler & Motter Mercantile Co. v. Floyd,* 28 Okla. 308, 114 Pac. 259; *Wagner v. Sattley Mfg. Co.,* 23 Okla. 52, 99 Pac. 643; *Board of Commissioners of D. County v. Wright,* 8 Okla. 190, 57 Pac. 203. The attorney for plaintiff in error in the record certifies that the case-made 'contains a full, true, correct, and complete copy and transcript of all the proceedings had, and all the evidence offered or introduced by both parties, all orders and rulings made and exceptions allowed, and all· the record upon which the judgment and journal entry in said cause were made and entered, and that the same is a full, true, correct, and complete case-made.'"

In *Sawyer & Austin Lumber Co. v. Champlain Lumber Co.,* 16 Okla. 90, 84 Pac. 1093, it is said:

"This question requires an examination of the evidence. The case purports to contain the evidence, but the record contains no recital or other statement that it contains all the evidence introduced in the trial of the cause. There is a certificate

of counsel that the case contains all the evidence, also a certificate of the stenographer that his transcript contains all the evidence; but neither of these certificates are authorized or recognized. The case itself must contain the positive averment, by way of recital, that it does contain all the evidence submitted or introduced on the trial of the case; and, in the absence of such recital, this court will not review any question depending upon the facts for its determination. This question has been repeatedly decided. *Frame v. Ryel,* 14 Okla. 536, 79 Pac. 97; *Board of Washita County v. Hubble,* 8 Okla. 169, 56 Pac. 1085; *B., K. & S. W. Ry. Co. v. Grimes,* 38 Kan. 241, 16 Pac. 472; *Ryan v. Madden,* 46 Kan. 245, 26 Pac. 680; *Pelton v. Bauer,* 4 Colo. App. 339, 35 Pac. 918; *Eddy v. Weaver,* 37 Kan. 540, 15 Pac. 492; *Hill v. Bank,* 42 Kan. 364, 22 Pac. 324."

The Attorney General, in his brief, filed February 9, 1912, calls specific attention to this defect of the record. No attempt has been made to correct the same, and it is presumed that no correction can be made. In view of the objection raised by the Attorney General, and by authority of the foregoing, the appeal should be dismissed, and the judgment of the district court of Murray county should be affirmed.

By the Court: It is so ordered.