## WORRELL, et al. v. FELLOWS.

No. 3142.   Opinion Filed November 18, 1913.

(136 Pac. 750.)

1. **APPEAL AND ERROR—Brief—Requisites.** Rule 25 of the Supreme Court (38 Okla. x, 95 Pac. viii), which provides that in all cases, except felonies, the brief of the plaintiff in error, in substance, shall set forth the material parts of the pleadings, proceedings, and facts upon which reliance is had for reversal, so that no examination of the record itself need be made in said court, and shall also contain specifications of the errors complained of, separately set forth and numbered, **is mandatory**; and where it is not observed, and counsel for the defendant in error in his brief insists that such rule has not been complied with, and the plaintiff in error, making no request for permission to amend its brief, permits said cause to be submitted with the briefs in that condition, the alleged errors will not be reviewed.

2. **SAME—Case-Made—Requisites.** A case-made itself must contain the positive averment by way of recital that it contains all the evidence submitted or introduced in the trial of the case, and in the absence of such recital this court will not review any question depending upon the facts for its determination.

   (a)   Neither the certificate of counsel that the case-made contains all the evidence, nor the certificate of the stenographer that his transcript contains all the evidence, being authorized by law, can be substituted for the certificate hereinabove mentioned.

3. **SAME—Record—Instructions—Evidence.** Record examined, and held sufficient to sustain the judgment entered in the court below.

(Syllabus by Robertson, C.)

*Error from Superior Court, Garfield County;*
*Dan Huett, Judge.*

Action by J. H. Fellows against Ollie L. Worrell and Squire Worrell, to recover damages for breach of contract. Judgment for plaintiff, and defendants bring error. Affirmed.

*Rush & Smith* and *W. K. Snyder,* for plaintiffs in error.

*H. J. Sturgis,* for defendant in error.

Opinion by ROBERTSON, C.   The brief of plaintiffs in error does not comply with the requirements of rule 25 of this court (38 Okla. x, 95 Pac. viii), in that it contains no abstract

or abridgment of the transcript, setting forth the material part of the pleadings, proceedings, facts, and documents upon which plaintiffs in error rely, together with such other statements. from the record as are necessary to a full understanding of the questions presented to this court for decision, so that examination of the record itself need not be made by this court. Neither does the brief contain any assignment or specification of error complained of, separately set forth and numbered. It is impossible to gather from the briefs of plaintiffs in error just what questions are intended to be presented for review. On page 16 of the original brief, it is said:

"The sole contention of the plaintiffs in error upon which they rely for reversal of the judgment of the trial court is that, conceding that the finding of the jury was correct, and that the plaintiffs in error failed to inform the defendant in error of the foreclosure of said mortgage and the sale of said property, still the plaintiff in error, Ollie Worrell, then had a right any time prior to the trial to acquire title to said land and tender it to the said Fellows under the terms of their contract."

Yet, notwithstanding the absence of an assignment or specification of errors, and the foregoing statement that there is but one question in the case, it appears that counsel for plaintiffs in error have argued several different propositions upon which they rely for a reversal, and also complain of the refusal of the court to give certain instructions. The defendant in error is here objecting to a consideration of the questions in this case for various reasons, one of which is that plaintiffs in error have failed to comply with the requirements of rule 25 of this court, above referred to. This objection is good and must be sustained. It has been frequently held by this court that the failure of litigants to substantially comply with rule 25, *supra,* relating to specifications of error, arguments, and authorities, will result in the appeal being dismissed. The original brief of plaintiffs in error in this case in no respect complies with the provisions of said rule. *Lawless v. Pitchford,* 33 Okla. 633, 126 Pac. 782; *Vanselous v. McClellan,* 35 Okla. 505, 131 Pac. 172; *Indiana Land & Trust Co. v. Widner,* 35 Okla. 652, 130 Pac. 531. The brief of defendant in error calling attention to

this defect of the brief of plaintiffs in error was filed on August 4, 1913, and yet the plaintiffs in error have made no request for permission to amend their brief, but have permitted the cause to be submitted with the briefs in such condition, and, on the contrary, have filed a reply brief, attempting to justify the short-comings of the original brief. This is insufficient.

In *Arkansas Valley Nat. Bank v. Clark,* 31 Okla. 413, 122 Pac. 135, it was said by the court:

"Rule 25 of the Supreme Court (20 Okla. xiii, 95 Pac. viii), which provides that in all cases, except felonies, the brief of the plaintiff in error, in substance, shall set forth the material parts of the pleadings, proceedings, and facts upon which reliance is had for reversal, so that no examination of the record itself need be made in said court, and shall also contain specifications of the errors complained of, separately set forth and numbered, is mandatory; and, where it is not observed, and counsel for the defendant in error in his brief insists that such rule has not been complied with, and the plaintiff in error, making no request for permission to amend its brief, permits said cause to be submitted with the briefs in that condition, the alleged errors will not be reviewed."

The appeal should, for the reasons above given, be dismissed, but there are other questions raised that will render such action unnecessary.

It appears that the questions plaintiffs in error desire reviewed require an examination of the evidence in this case. The defendant in error raises an objection to the consideration of these questions, for the reason that the case-made contains no certificate, or averment, by way of recital, to the effect that it contains all the evidence adduced at the trial, and cites many cases from this court sustaining that contention. The plaintiffs in error in their reply brief, filed September 29, 1913, attempted to answer this objection by showing that the case-made on page 266 contains a certificate signed by Geo. P. Rush and McKeever & Walker, attorneys for defendant, which certificate, among other things, recites that:

"The within and foregoing case-made contains a full, true, and complete and correct copy of the transcript of all the proceedings in said cause above entitled, including all pleadings filed and proceedings had. all the evidence had and introduced," etc.

The reply brief of counsel for the plaintiffs in error also calls attention to the fact that there is in said case-made a certificate by one A. B. Hugos, the official stenographer at the trial, to the effect that he was the duly appointed and qualified court reporter for said court, and that he was present and reported and made a full, true, and complete and correct short-hand report and record of all the proceedings had in said trial of said cause, including all evidence, objections, rulings, etc. Attention is also called to the certificate of the trial judge, to the effect that the case-made is a true and correct case-made, etc., and further, on page 268 of the case-made, the return of the case-made by Sturgis & Manatt, attorneys for the defendant in error, in which they return to the attorneys for the plaintiffs in error the case-made without suggestions or amendment. But it must be observed that in this return they do not agree to stipulate that the case-made contains the evidence, or that it is a true and correct case-made. Thus it is seen from an examination of the case-made that there is no compliance whatever with the rule that requires the case-made to contain a recital to the effect that it contains all the evidence introduced at the trial of the cause. This is not a new question in this jurisdiction, and has been passed upon frequently by this court.

Thus in *Sawyer-Austin Lbr. Co. v. Champlain Lbr. Co.,* 16 Okla. 90, 84 Pac. 1093, it is said:

"This question requires an examination of the evidence. The case purports to contain the evidence, but the record contains no recital or other statement that it contains all the evidence introduced in the trial of the cause. There is a certificate of counsel that the case contains all the evidence, also a certificate of the stenographer that his transcript contains all the evidence; but neither of these certificates are authorized or recognized. The case itself must contain the positive averment by way of recital that it does contain all the evidence submitted or introduced on the trial of the cause; and, in the absence of such recital, this court will not review any questions depending upon the facts for its determination."

This question has been repeatedly decided. See *Frame v. Ryel,* 14 Okla. 536, 79 Pac. 97; *Board of Washita County v. Hubble,* 8 Okla. 169, 56 Pac. 1058; *B., K. & S. W. Ry. Co.*

*v. Grimes,* 38 Kan. 241, 16 Pac. 472; *Ryan v. Madden,* 46 Kan. 245, 26 Pac. 680; *Pelton v. Bauer,* 4 Colo. App. 339, 35 Pac. 918; *Eddy v. Weaver,* 37 Kan. 540, 15 Pac. 492; *Hill v. Bank,* 42 Kan. 364, 22 Pac. 324. See, also, in support of this rule, *Tootle, Wheeler & Motter Merc. Co. v. Floyd,* 28 Okla. 308, 114 Pac. 259; *Wagner v. Sattley Mfg. Co.,* 23 Okla. 52, 99 Pac. 643; *Crocker v. Shamleffer,* 18 Okla. 407, 90 Pac. 106; *Board of Com'rs D. Co. v. Wright,* 8 Okla. 190, 57 Pac. 203.

It is seen by the foregoing authorities that none of the certificates relied upon by plaintiffs in error are sufficient, or are authorized or warranted by statute, and that the case-made is not sufficient under the law, especially in the face of positive objection by the defendant in error, to authorize this court in examining the evidence.

Having disposed of the foregoing, it appears that the only things in the record that we are at liberty to examine are the pleadings, the instructions of the court, the verdict of the jury, the judgment, and the motion for new trial. Without the evidence in the record, the instructions cannot be examined, and the presumption necessarily follows that the instructions were fully authorized and warranted by the evidence introduced. An examination of the record proper shows that the court had jurisdiction of the parties and the subject-matter; that the issues were properly submitted to the jury, and the verdict returned was within the issues; that the judgment entered on the verdict was authorized by the pleadings and seems to be regular in every respect. It follows, therefore, that the judgment of the superior court of Garfield county should be affirmed.

By the Court: It is so ordered.